Maxwell, J.
Appellee sued appellant before a justice of the peace of Boulder county to recover upon an alleged breach of contract of employment as a school teacher.
Appellant, specially appearing, moved to quash the summons and abate the suit, upon the grounds that defendant had not been served with summons by any officer authorized by law to serve the same; that by the return it did not appear that the defendant was summoned; that it did not appear from the record that the justice of the peace had authority to appoint a special constable, and that the defendant had not been served.
The above motion was overruled by the justice.
Defendant did not participate in the trial, which resulted in a judgment against it, from which an appeal was taken to the county court, where the de *107 fendant specially appeared, and filed another motion to quash the summons upon substantially the same grounds as before, adding thereto two paragraphs, which will be hereafter noticed.
The county court overruled this motion. Upon a later day a trial was had, defendant not appearing, which resulted in a judgment against defendant for $120.00, from which this appeal.
1 Mills’ Ann. Stats., section 2687, is as follows:
“Upon the trial of all appeals before the county court, no exception shall be taken to the form of service of the summons issued by the justice of the peace, nor to any of the proceedings before him; but the court shall hear and determine the cause in a summary way, according to the justice of the case, without pleading in writing.”
The foregoing section was originally enacted in 1861 (Laws 1861, page 232, section 46), where the word “ or ” is found instead of “ of ” between ‘1 form ’ ’ and “service,” which makes the section read, “no exception shall be taken to the form or service of summons,” a much broader provision than that contained in 1 Mills’ Ann. Stats., section 2687, above quoted.
See also R. S. 1868, page 407, section 46, and General Laws 1877, page 559, section 1527.
The error first appears in the General Statutes 1883, page 633, section 1987. The General Statutes and Mills’ Ann. Stats, being compilations, the Laws of 1861 and R. S. of 1868 control.
All irregularities and defects in the service of the summons, the form thereof, or. even the want of process, were waived by appellant in talcing an appeal from the justice to the county court. — Deitz v. City of Central, 1 Colo. 323, 330; Wyatt v. Freeman, 4 Colo. 14, 15; Charles v. Amos, 10 Colo. 272, 277; *108 C. C. R. Co. v. Caldwell, 11 Colo. 545; Paul v. Rooks, 16 Colo. App. 44, 47.
Appellant contends that the record shows that this action was brought before a justice of precinct No. 16, whereas the defendant school district is situated in precinct No. 8 of Boulder county, and that this question was raised before the county court by the fourth and sixth paragraphs of its motion to dismiss, filed in the county court, to wit:
“4th. Because the justice of the peace who assumed to try the above entitled action had no jurisdiction to try the same.
“6th. Because this court can acquire no more jurisdiction than the justice of the peace had in this action. ’ ’
We will concede that the record shows that the action was commenced before a justice of a township in which the debtor or person sued did not reside, and that this question was raised before the county court by the above quoted paragraphs of the motion.
It is conceded by appellant that this question was not raised before the justice; there the only attack made was upon the service of summons and the constable’s return.
By appearing, specially, it is true, and objecting to the jurisdiction of the justice upon grounds going to the regularity of the summons and service thereof, the defendant waived the personal privilege enacted for its convenience by section 2632, Mills’ Ann. Stats., which provides:
“Suit shall be commenced before justices in the township in which the debtor or person sued resides, unless the cause of action occurred in the township in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued or is specifically made payable.”
That this personal privilege may be waived, has *109 been held by our supreme court in R. R. Co. v. Roberts, 6 Colo. 333; Hardenbrook v. Harrison, 11 Colo. 9; R. R. Co. v. Caldwell, 11 Colo. 545.
“It may be stated as a general rule that tbe bringing of an action in an improper county is not a jurisdictional defect, where the court has general jurisdiction of the subject-matter, and that the statutes fixing the venue in certain actions confer a mere personal privilege, which may be waived by a failure to claim it in the proper manner and at the proper time.” — 22 Ency. P. & P., 815, and cases cited.
The proper place and time to have raised this question was in the justice court. Failure to raise it there waived it.
The authorities cited by appellant are in support of, rather than in conflict with, the rule announced.
After the rendition of the judgment in the county court, defendant appeared specially, and excepted to the finding and judgment of the court, and prayed this appeal. Upon this exception numerous errors are assigned, all going to the sufficiency of the evidence to support the judgment.
The evidence is sufficient to support the judgment.
Perceiving no error in the record, the judgment will be affirmed. Affirmed.