**Mickey Lee BORQUEZ,**
**Plaintiff-Appellant,**

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Rick Pehrson, Hearing Officer, Defendants-Appellees.**

**No. 84CA1343.**

Colorado Court of Appeals,
Div. II.

Sept. 19, 1985.

Rehearing Denied Oct. 31, 1985.

Certiorari Granted Jan. 13, 1986.

George T. Ashen, James E. Freemyer, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiff, Mickey Lee Borquez, appeals the order of the district court dismissing

her petition for review of the revocation of her driver's license by the defendant, Motor Vehicle Division of the Department of Revenue (the department). We affirm, but for reasons other than those relied upon by the district court.

Following notice and a hearing, plaintiff's license was revoked in July 1984 pursuant to § 42–2–122.1(1)(a)(I), C.R.S. (1984 Repl.Vol.17). During the hearing, the arresting officer testified that he stopped plaintiff in May 1984 after noticing her vehicle speeding and weaving out of her lane. Plaintiff failed the roadside sobriety tests and was taken into custody. At the police station a breath test was given and it showed plaintiff's blood alcohol content to be .182.

At the conclusion of the hearing, the hearing officer found that plaintiff's blood alcohol content was above the .15 legal maximum and ordered plaintiff's driver's license revoked for one year.

Plaintiff, a resident of Jefferson County, petitioned for judicial review in the Denver district court. That court dismissed her petition for lack of personal and subject matter jurisdiction pursuant to § 42–2–122.1(9)(a). This appeal followed.

### I.

 Section 42–2–122.1(9)(a), C.R.S. (1984 Repl.Vol.17) provides:

"Within thirty days of the issuance of the final determination of the department under this section, a person aggrieved by the determination *shall have the right* to file a petition for judicial review in the district court in the county of the person's residence." (emphasis supplied)

We agree with plaintiff that this statute relates solely to venue, not jurisdiction. Section 24–4–106(4), C.R.S., of the State Administrative Procedure Act (the APA) specifies that, unless otherwise provided, any person aggrieved by state agency action may apply for judicial review in the district court, with the residence of the state agency deemed to be the city and county of Denver. Section 42–2–122.1(9)(a), C.R.S. (1984 Repl.Vol.17) simply liberalizes the venue provisions of the APA by affording an aggrieved party the opportunity to seek review in his home county rather than having to travel to Denver.

Thus, at the option of the licensee, judicial review of a driver's license revocation may be sought in the district court of the county of the petitioner's residence or in the city and county of Denver. Thus, the Denver district court erred in dismissing the petition for review on jurisdictional grounds.

### II.

 Inasmuch as the parties have addressed the merits of the case in their briefs on this appeal, and we have the record as certified to the district court, we address the merits also and affirm the revocation of plaintiff's license.

Plaintiff contends the decision should be reversed because no evidence was presented at the hearing to indicate that the breath test was administered according to applicable statutes and rules and regulations of the Department of Health. We disagree.

The only issue in this type of revocation hearing is whether the person drove a vehicle with a breath alcohol count of .15 or more grams of alcohol per 210 liters of breath. Section 42–2–122.1(8)(c), C.R.S. (1984 Repl.Vol.17). Here, the arresting officer's testimony and the introduction into evidence of a checklist showing that proper procedures for blood alcohol testing were followed provided prima facie evidence that the test was given in compliance with applicable statutes, rules and regulations. *See Aultman v. Motor Vehicle Division*, 706 P.2d 5 (Colo.App.1985). Although we held in that case that "plaintiff could present evidence to negate that prima facie case," here she did not present any evidence challenging the certification of the police department machine or of the operator or to demonstrate that improper procedures were followed.

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.