STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Rick Pherson, Hearing Officer, Petitioners,

v.

Mickey Lee BORQUEZ, Respondent.

No. 85SC466.

Supreme Court of Colorado,
En Banc.

March 14, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Gen. Legal Services Sec., Denver, for petitioners.

George T. Ashen, James E. Freemyer, Denver, for respondent.

Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Donna Skinner Reed, Deputy Dist. Atty., Denver, for amicus curiae District Attorney's Office, Second Judicial Dist.

LOHR, Justice.

The Colorado Department of Revenue, Division of Motor Vehicles (department), revoked the driver's license of the respondent, Mickey Lee Borquez, based on the determination of a hearing officer that Borquez had driven a vehicle when the alcoholic content of her breath exceeded 0.15 grams of alcohol per 210 liters of breath, in violation of section 42–2–122.1, 17 C.R.S. (1984). Borquez sought review of the revocation in the Denver District Court, but the court dismissed the petition for lack of

jurisdiction because Borquez was not a resident of Denver. Borquez then appealed to the Colorado Court of Appeals, which reversed the dismissal but sustained the driver's license revocation on the merits. The department petitioned this court for certiorari, and we granted the petition to determine whether the Denver District Court may review the driver's license revocation of a nonresident of the City and County of Denver when the revocation is based upon a violation of section 42–2–122.1. We reverse the judgment of the court of appeals and hold that subsection 42–2–122.1(9)(a) precludes a district court from reviewing such a driver's license revocation of a nonresident of the county in which the district court sits, and that the Denver District Court correctly concluded that it lacked jurisdiction and properly dismissed the petition.[1]

## I.

On May 9, 1984, Mickey Lee Borquez was driving her automobile on Kipling Street near its intersection with West Twenty Seventh Avenue when she was stopped by an officer of the Wheat Ridge Police Department. The officer had observed that Borquez was speeding and weaving in and out of her lane of traffic. At the officer's request, Borquez attempted to perform various roadside sobriety tests, but she was unable to achieve satisfactory results. At that point the officer asked Borquez to submit to a chemical test. She elected to take a breath test, and the officer transported her to the Wheat Ridge Police Department, where she gave the necessary breath samples. The test results showed a breath-alcohol concentration of 0.182 grams of alcohol per 210 liters of breath. Borquez was then charged with driving under the influence of intoxicating liquor, section 42–4–1202(1)(a), 17 C.R.S. (1984), as well as driving when her breath-alcohol concentration was 0.15 or more grams of alcohol per 210 liters of breath, section 42–4–1202(1.5)(a), 17 C.R.S. (1984). In addition to these criminal charges, ad-

ministrative proceedings were commenced to revoke Borquez's driver's license pursuant to section 42–2–122.1 based upon the allegation that she had driven a vehicle when her breath-alcohol level was 0.15 or more grams of alcohol per 210 liters of breath.

A hearing to determine whether Borquez's license should be revoked was held on July 3, 1984, before a department hearing officer. At the hearing the arresting officer testified to the circumstances surrounding the arrest and the breath test. The hearing officer found that Borquez had driven when her breath-alcohol level was 0.15 or more grams of alcohol per 210 liters of breath, and revoked her driver's license for one year as required by section 42–2–122.1(5)(b).

Borquez, a resident of Jefferson County, filed a petition to review the revocation order in the Denver District Court on August 1, 1984. The department moved to dismiss the petition, asserting that the Denver District Court lacked jurisdiction over the matter because Borquez did not reside in Denver. On September 28, 1984, the court granted the motion and dismissed the petition, stating that pursuant to subsection 42–2–122.1(9)(a), it lacked jurisdiction to review the revocation.

Borquez appealed to the Colorado Court of Appeals, which reversed the trial court's order dismissing the case for lack of jurisdiction. The appellate court concluded, however, that the appeal lacked merit and therefore sustained the trial court's judgment of dismissal. *Borquez v. State Dep't of Revenue*, 712 P.2d 1108 (Colo.App.1985). The decision noted that section 24–4–106(4), 10 C.R.S. (1982), of the State Administrative Procedure Act specifies that, unless otherwise provided, any person adversely affected or aggrieved by state agency action may commence an action for judicial review in district court, with the residence of the state agency to be deemed to be the City and County of Denver. The court held

---

**1.** Since the Denver District Court had no jurisdiction to consider the revocation of the driver's license on the merits, the court of appeals likewise lacked jurisdiction to resolve the appeal on the basis of a review of the merits.

that subsection 42–2–122.1(9)(a) simply liberalized the venue provisions of section 24–4–106(4), allowing a party challenging a driver's license revocation the option of seeking review in the licensee's home county.[2] The department then sought certiorari to review the court of appeals' determination that a person whose driver's license is revoked under section 42–2–122.1 has the option of commencing an action for judicial review in Denver District Court in addition to that person's right to obtain such review in the district court of the county of her residence pursuant to subsection 42–2–122.-1(9)(a). We granted the petition for certiorari.

## II.

The department contends that the court of appeals erred in interpreting subsection 42–2–122.1(9)(a) as "relat[ing] solely to venue, not jurisdiction." *Borquez v. State*, 712 P.2d at 1109. The department asserts that subsection 42–2–122.1(9)(a) requires that any petition to review an administrative revocation order be filed in the driver's county of residence, and that failure to comply with that requirement in this case deprived the district court of jurisdiction, mandating dismissal. Borquez supports the court of appeals' interpretation of the statute as prescribing venue, not limiting jurisdiction. She reasons, therefore, that the Denver District Court had jurisdiction to hear her petition and that since the department failed to move for a change of venue, her action should not have been dismissed.

## A.

Resolution of the issue presented in this case turns on the meaning of subsection 42–2–122.1(9)(a). We must determine whether this provision specifies venue or limits jurisdiction. Venue, or place of trial, *see* C.R.C.P. 98, relates to the locality where an action may be properly brought. *See* 1 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 0.140 (1907). Jurisdiction has been defined as "the authority to decide a

case presented to the court." *Hill v. District Court*, 134 Colo. 369, 373–74, 304 P.2d 888, 891 (1956).

Section 42–2–122.1 governs the administrative revocation of licenses for driving a vehicle when a driver's blood-alcohol or breath-alcohol content exceeds prescribed levels. The provisions of this statute critical to our inquiry are subsections 42–2–122.1(9)(a) and 42–2–122.1(10). Subsection 42–2–122.1(9)(a) provides:

> Within thirty days of the issuance of the final determination of the department under this section, a person aggrieved by the determination shall have the right to file a petition for judicial review in the district court in the county of the person's residence.

Subsection 42–2–122.1(10) states that:

> The "State Administrative Procedure Act," article 4 of title 24, C.R.S., shall apply to this section to the extent it is consistent with subsections (7), (8), and (9) of this section relating to administrative hearings and judicial review.

Article 2 of title 42, relating to drivers' licenses, also contains a general provision for judicial review of administrative action concerning such licenses. That provision is found in section 42–2–127, 17 C.R.S. (1984), and states in relevant part:

> (1) Every person finally denied a license or whose license has been finally cancelled, suspended, or revoked by or under the authority of the department may, within thirty days thereafter, obtain judicial review in accordance with section 24–4–106, C.R.S.; except that the venue for such judicial review shall be in the county of residence of the person seeking judicial review.

Completing the statutory framework for our analysis is section 24–4–106(4), 10 C.R.S. (1982), of the State Administrative Procedure Act, which provides that persons adversely affected or aggrieved by agency action may commence an action for judicial review in district court within thirty days after the agency action becomes effective.

---

**2.** The court of appeals also reviewed the record and affirmed the department's revocation of

Borquez's license. However, see footnote 1, above.

The statute also is determinative of venue, stating that the residence of a state agency for purposes of this section is the city and county of Denver. *See also* C.R.C.P. 98(c) (with certain exceptions not applicable here, the county of a defendant's residence is a proper venue).

## B.

In *Kirby v. Union Pacific Railway Co.* this court stated "that the bringing of an action in an improper county is not a jurisdictional defect, *where the court has general jurisdiction of the subject matter....*" 51 Colo. 509, 542, 119 P. 1042, 1054 (1911) (quoting *School District No. 38 of Boulder County v. Waters*, 20 Colo.App. 106, 77 P. 255 (1904) (emphasis added)). Thus, we must determine whether the Denver District Court had subject matter jurisdiction to review Borquez's petition under the statutes applicable to this proceeding.

Article VI, section 1, of the Colorado Constitution vests the judicial power of the state in the supreme court, the district courts, and various other enumerated courts, and Article VI, section 9(1), provides in pertinent part:

> The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases, except as otherwise provided herein, and shall have such appellate jurisdiction as may be prescribed by law.

We have stated that these provisions of the Colorado Constitution confer on the district courts "unrestricted and sweeping jurisdictional powers in the absence of limiting legislation." *Matter of A.W.*, 637 P.2d 366, 373 (Colo.1981). We have also noted that the broad jurisdiction of the district courts may be restricted by legislation, but have cautioned that "[w]hile jurisdiction may be limited by the legislature, no statute will be held to so limit court power unless the limitation is explicit. In the absence of legislative action, it is clear that courts are free to exercise their inherent powers." *Id.* at 374 (citation omitted). *See also People ex rel. Cruz v. Morley*, 77 Colo. 25, 29, 234 P. 178, 179 (1925).

Borquez admits that the legislature may limit the jurisdiction of the district courts, but stresses that it must do so explicitly. Section 24-4-106(4) prescribes that jurisdiction for review of "any agency action" shall be "in the district court." That section also is relevant to venue, for it provides that the residence of a state agency for the purpose of judicial review of its actions shall be the City and County of Denver. *See* C.R.C.P. 98 (concerning the effect of residence on venue). Section 42-2-122.1(10) provides that the State Administrative Procedure Act, which includes section 24-4-106(4), shall apply to proceedings under section 42-2-122.1 to the extent it is consistent with subsections (7), (8) and (9) of that latter section. Borquez argues that the court of appeals properly held that subsection 42-2-122.1(9)(a) is not a limitation on jurisdiction of the district courts and is not inconsistent with the venue provisions of section 24-4-106(4), but merely liberalizes those venue provisions to give a person aggrieved by agency action under section 42-2-122.1 the option to obtain review of that action either in the county of her residence or in the district court in Denver. Therefore, under the construction adopted by the court of appeals, subsection 42-2-122.1(9)(a) does not limit jurisdiction for review of license revocations to the district court of the driver's residence, but simply allows the driver for purposes of convenience to elect to proceed in the district court where she resides.

In further support of this construction of subsection 42-2-122.1(9)(a), Borquez points to section 42-2-127, the general provision for judicial review of administrative orders revoking drivers' licenses. That section specifically provides that "venue for such judicial review shall be in the county of residence of the person seeking judicial review." By use of the word "venue," Borquez asserts, the legislature made it clear that it was not intending to limit the jurisdiction of other district courts to conduct such judicial review. Rather, it intended only to specify that the aggrieved driver can bring the action in the county of her residence and that if commenced elsewhere, either party can require that the

case be transferred to the county of the driver's residence on proper motion. *Cf. Ranger Insurance Co. v. District Court,* 647 P.2d 1229, 1231 (Colo.1982) ("when a party requests a change of venue upon a ground which entitles it to the change as a matter of right the trial court loses all jurisdiction except to order the change"). Borquez contends that the language of subsection 42–2–122.1(9)(a) that a party "shall have the right to file a petition for judicial review in the district court in the county of the person's residence" also relates only to venue and is therefore similar in effect to section 42–2–127. We conclude that these arguments attach too little importance to the differences in the language of the two statutes, the context in which those statutes are found, and the practical effect of construing subsection 42–2–122.-1(9)(a) as a venue provision only.

 The department contends, and we agree, that subsection 42–122.1(9)(a) does explicitly limit jurisdiction, precluding the Denver District Court from having jurisdiction to review the administrative revocation of a nonresident's license. The department first notes that the court of appeals failed to interpret subsection 42–122.1(9)(a) in light of section 42–2–127. Statutes upon the same subject are to be construed together and reconciled if possible, and "particular statutes prevail over general, and later provisions over former...." *Burton v. Denver,* 99 Colo. 207, 211, 61 P.2d 856, 858 (1936). *See also Colorado v. Beckman,* 149 Colo. 54, 368 P.2d 793 (1961). If subsection 42–2–122.1(9)(a) had not been enacted, section 42–2–127 would govern the procedure for judicial review of license revocation orders.[3] Pursuant to section 42–2–127, a petition to review a revocation order may be filed in any county, but on proper motion under C.R.C.P. 98, venue must be changed to the county in which the driver resides. *See Ranger Insurance Co. v. District Court,* 647 P.2d at 1231. If subsection 42–2–122.1(9)(a) is read as a venue provision, it simply reiterates section 42–2–127, and such an interpretation fails to give

meaning to the statutory enactment. Rules of statutory construction require that in the interpretation of a statute, the legislature will be presumed to have inserted every part for a purpose, and to have intended that every part of a statute should be carried into effect. *McMillin v. State,* 158 Colo. 183, 188, 405 P.2d 672, 674 (1965). *See also Johnston v. City Council,* 177 Colo. 223, 228, 493 P.2d 651, 654 (1972) (every word of a statute is to be given effect if possible); *City & County of Denver v. Taylor,* 88 Colo. 89, 94–95, 292 P. 594, 596 (1930) (same; not to presume legislature used language idly, with no intent that it be given meaning).

A review of other parts of title 42 discloses that when the legislature intended section 42–2–127 to apply, it has stated explicitly that the licensee "may appeal the decision of the department to the district court as provided in section 42–2–127." *See* §§ 42–2–119(4), 17 C.R.S. (1984); 42–2–122(3), 17 C.R.S. (1984); 42–2–123(8.5)(c), 17 C.R.S. (1984). In enacting section 42–2–122.1 the legislature chose instead to include subsection (9)(a). Examined in the context of the other sections of title 42, the language of this provision is persuasive that the legislature intended not simply to specify proper venue, but rather to prescribe that review of administrative license revocations under section 42–2–122.1 may be obtained only in the district court of the driver's residence. As the department contends, enactment of subsection 42–2–122.-1(9)(a) reflects a policy choice by the legislature for the apparent purpose of assuring that all of the district courts in the state share the burden of reviewing administrative revocation orders under section 42–2–122.1, so that no one district court or district attorney's office must allocate a disproportionate part of its resources to these cases.

Since subsection 42–2–122.1(9)(a) explicitly directs that a driver's right of review lies only in her county of residence, it is inconsistent with the provision of the State Administrative Procedure Act that, read to-

---

**3.** Subsection 42–2–122.1(9)(a) was enacted after section 42–2–127. *See* Ch. 76, sec. 2, § 13–4–27, 1973 Sess.Laws 280, 295; Ch. 476, sec. 9, § 42–2–122.1, 1983 Sess.Laws 1641, 1645.

gether with C.R.C.P. 98, would place venue in Denver. Pursuant to section 42–2–122.-1(10), the State Administrative Procedure Act applies only to the extent it is consistent with subsection (9); therefore, subsection 42–2–122.1(9)(a) controls.

■ In further support for its position that filing the action in the wrong county was a jurisdictional defect, the department points out that when the legislature has provided a statutory right of review, the statutory procedure is the exclusive means to secure review. As we stated in *Barber v. People*, 127 Colo. 90, 95, 254 P.2d 431, 434 (1953):

> [I]n an action which is entirely statutory, the procedure therein prescribed is the measure of the power of the tribunal to which jurisdiction of causes arising under the statute is given. There must be a strict compliance with the provisions of such a statute, which are mandatory, and in the absence of such compliance the court has no jurisdiction to act.

*Accord Sisneros v. District Court*, 199 Colo. 179, 606 P.2d 55 (1980); *Young v. Brofman*, 139 Colo. 296, 338 P.2d 286 (1959). Although these cases arose in a different context, we believe the language quoted from *Barber v. People* is fully applicable to the issue before us today. Generally, one seeking to exercise a statutory right to review must comply with the procedures prescribed. *See Washburn v. Industrial Comm'n*, 153 Colo. 500, 386 P.2d 975 (1963). We often have stated that the failure to exercise a statutorily provided right of review within the applicable time limit is a jurisdictional defect, mandating dismissal. *See, e.g., Crocker v. Colorado Department of Revenue*, 652 P.2d 1067, 1071 (Colo.1982); *Clasby v. Klapper*, 636 P.2d 682, 684 (Colo.1981). *See also Houston v. Colorado Department of Revenue*, 699 P.2d 15, 16 (Colo.App.1985).

We have also determined that when a statutory right to commence an action is based on residency, the jurisdiction of a court is dependent upon satisfaction of that residency requirement. In *Avery v. County Court of Gilpin County*, 126 Colo. 421, 250 P.2d 122 (1952), this court considered a dependency and neglect statute requiring that the person filing the dependency and neglect action be a resident of the same county as the child and bring the action within that county. The father, who filed the petition, was not a resident of the county in which the action was brought. This court concluded:

> where a statute makes the residence of a petitioner within a particular county a condition upon which the jurisdiction of a court can be invoked, a county court is wholly without power or authority to proceed in a statutory action unless the petitioner is a resident of the county within which the action is brought.

*Id.* at 425, 250 P.2d at 124. *See also Hoenshell v. Patterson*, 123 Colo. 101, 225 P.2d 848 (1950). Similarly, subsection 42–2–122.1(9)(a) bases the right of review on residency, and failure to meet that requirement is a jurisdictional defect.[4]

---

**4.** In two cases involving statutes somewhat similar to subsection 42–2–122.1(9)(a) we left open the question whether the statute under consideration prescribed venue or limited jurisdiction.

First, in *Air Pollution Control Commission v. District Court*, 193 Colo. 146, 563 P.2d 351 (1977), we considered a provision of the Air Pollution Control Act that provided for judicial review of orders of the Air Pollution Control Commission in the district court of the district where the air contamination source was located. AMAX, a party aggrieved by an order of the Commission, petitioned for judicial review in both Morgan County District Court and Denver District Court. The Commission moved to dismiss the action in Denver, since the air pollution source was in Morgan County, but the trial court denied the motion. The Commission brought an original proceeding for relief in the nature of prohibition in this court, and AMAX asserted that section 24–4–106(4) of the State Administrative Procedure Act allowed venue in Denver. Although we did not reach the jurisdictional implications of the statute, we ordered the Denver action dismissed, noting that the legislature could choose to prescribe "a single local forum for judicial review," and that "special statutory provisions control over general procedural rules and statutes of general application." 193 Colo. at 150, 563 P.2d at 354.

Later, we decided *Colorado Water Quality Control Commission v. Town of Frederick*, 641 P.2d 958 (Colo.1982). That case involved section 25–8–404(2), 11 C.R.S. (1973), a statute requiring that a petition for judicial review of a determination of the Colorado Water Quality Control Commission "shall be filed in the district court

In summary, we conclude that subsection 42–2–122.1(9)(a) vests the authority to review administrative revocations exclusively in the district court of the licensee's county of residence. A petition filed by a nonresident must be dismissed, as the court lacks jurisdiction to hear the matter or to order a change of venue. Borquez's petition should not have been filed in Denver District Court and was properly dismissed. Accordingly, we reverse the determination of the court of appeals that the Denver District Court had jurisdiction to review the driver's license revocation at issue here. We remand the case to the court of appeals with directions to affirm the judgment of dismissal entered by the district court.

for the district in which is located the pollution source affected...." The plaintiffs in *Town of Frederick* had filed the action in the wrong county, and the trial court dismissed it for lack of jurisdiction. The court of appeals determined that although the action was brought in an improper county, venue could be changed on a timely and proper motion, and ordered the trial court to grant the plaintiff's motion for change of venue. *Town of Frederick v. Colorado Water Quality Control Commission,* 628 P.2d 129, 131 (Colo.App.1980), *rev'd* 641 P.2d 958 (Colo.1982). Borquez argues that, unlike sub-section 42–2–122.1(9)(a), section 25–8–404(2) unequivocally directs that judicial review shall be in a certain district court, yet the court of appeals determined that the statute was not jurisdictional. However, we reversed the decision of the court of appeals on other grounds and expressly declined to reach the question whether the specification of the court in which a judicial review proceeding is to be commenced under section 25–8–404 limits jurisdiction to that court or only prescribes proper venue. 641 P.2d at 961 n. 4.