EAGLE PEAK FARMS, LTD., a
Colorado limited partnership,
Plaintiff–Appellant,

v.

The COLORADO GROUND WATER COMMISSION; Marks Butte, Frenchman, Sandhills, and Central Yuma County Ground Water Management Districts; and Upper Black Squirrel Creek Ground Water Management District, Defendants–Appellees.

No. 92CA1474.

Colorado Court of Appeals,
Div. IV.

Aug. 19, 1993.

Rehearing Denied Sept. 30, 1993.

Certiorari Granted April 4, 1994.

Timothy R. Buchanan, P.C., Timothy R. Buchanan, Kimberly S. Paull, Boulder, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Patrick E. Kowaleski, Asst. Atty. Gen., Denver, for defendant-appellee The Colorado Ground Water Com'n.

Vranesh and Raisch, Michael D. Shimmin, Gregory J. Clifton, Boulder, for defendant-appellee Marks Butte, Frenchman, Sandhills, and Cent. Yuma County Ground Water Management Districts.

Petrock & Fendel, P.C., James J. Petrock, Frederick A. Fendel, III, Gilpin County Atty., Denver, for defendant-appellee Upper Black Squirrel Creek Ground Water Management Dist.

Opinion by Judge CRISWELL.

Plaintiff, Eagle Peak Farms, Ltd., a Colorado limited partnership that owns farmland and ground water rights in Adams and Weld Counties, initiated this proceeding seeking to challenge a regulation of defendant, Colorado Ground Water Commission (Commission). However, the ground water judge of the Adams County District Court ruled that that court lacked jurisdiction to entertain plaintiff's complaint.. It concluded that it was the State Administrative Procedure Act (APA), § 24–4–106, C.R.S. (1988 Repl.Vol. 10A), rather than the Colorado Ground Water Management Act (Ground Water Act), § 37–90–101, et seq., C.R.S. (1990 Repl.Vol. 15), that governed proceedings for the judicial review of the Commission's regulations, and the APA granted to the Denver District Court jurisdiction over the controversy. From the resulting judgment dismissing its complaint, plaintiff appeals. We reverse.

I.

We first note that this court lacks jurisdiction over "water cases involving priorities or adjudications." Section 13–4–102(1)(d), C.R.S. (1987 Repl.Vol. 6A). Plaintiff therefore initially filed its notice of appeal with our supreme court, but that court transferred the cause to us concluding that "the issue of the propriety of the dismissal of the underlying action in the District Court is within the jurisdiction of the Court of Appeals." Hence, we shall proceed to determine the issues raised by the parties on their merits.

II.

Issues concerning the use of surface waters in Colorado are governed by the "Water Right Determination and Administration Act of 1969" (Water Right Act), § 37–92–101, et seq., C.R.S. (1990 Repl.Vol. 15). Another

comprehensive statute, containing both parallel and differing provisions, governs non-tributary underground waters. This latter act, the Ground Water Act, is controlling here.

Under the Ground Water Act, the Commission has been delegated the responsibility for identifying and designating ground water basins. Sections 37–90–104(1) and 37–90–106(1), C.R.S. (1990 Repl.Vol. 15). And, in each designated ground water basin, there may be established, by petition and vote, a ground water management district for that basin. *See* §§ 37–90–118 through 37–90–135, C.R.S. (1990 Repl.Vol. 15).

The state engineer is appointed as the Commission's executive director, § 37–90–104(6), C.R.S. (1990 Repl.Vol. 15), and, as such, is charged with enforcing any regulation adopted by the Commission pursuant to § 37–90–111, C.R.S. (1990 Repl.Vol. 15). Section 37–90–110(1)(f), C.R.S. (1990 Repl. Vol. 15). In addition, if a management district has been created for a designated basin, it also may adopt regulations for the district involved. These regulations must, however, be approved by the Commission. Sections 37–90–130 and 37–90–131, C.R.S. (1990 Repl. Vol. 15).

The Commission is required to hold hearings on a number of subjects. First, it must hold a hearing before establishing any designated ground water basin. Section 37–90–106(3), C.R.S. (1990 Repl.Vol. 15). Then, it must hold a hearing upon any petition to create a ground water management district for any designated basin. Section 37–90–122, C.R.S. (1990 Repl.Vol. 15). And, of course, it must hold a hearing before approving a conditional or final permit for a well in a designated ground water basin. Sections 37–90–107 and 37–90–108, C.R.S. (1990 Repl.Vol. 15). In addition, any party claiming to be injured by any act or inaction of the state engineer or of the Commission may initiate a hearing before the Commission upon the subject of the complaint. Section 37–90–114, C.R.S. (1990 Repl.Vol. 15).

Finally, although not specifically required by the Ground Water Act itself, the Commission, being a state agency generally subject to the APA, must hold a hearing before adopting any rule or regulation pursuant to

the Ground Water Act. Section 24–4–103, C.R.S. (1988 Repl.Vol. 10A).

The Ground Water Act requires all hearings to be conducted in accordance with rules of procedure to be adopted by the Commission. If such a hearing directly affects a water right, such hearing must be held within the boundaries of the particular designated ground water basin, unless otherwise agreed by the interested parties. In addition, in such instances the Commission must consider the recommendations and testimony of the ground water management district, if one exists for that basin. Section 37–90–113, C.R.S. (1990 Repl.Vol. 15).

Similar to the Water Right Act, the Ground Water Act calls for the appointment of a district judge as the ground water judge for each designated ground water basin established by the Commission. The Act provides that:

> All cases relating to designated ground water which are filed in each judicial district *shall* be assigned to the designated ground water judge, and all proceedings regarding said cases *shall* be heard by the designated ground water judge.

Section 37–90–115(6), C.R.S. (1990 Repl.Vol. 15) (emphasis supplied).

The Ground Water Act, in the same statutory section requiring the appointment of these ground water judges, also provides for the judicial review of actions by the Commission. In doing so, the act is specific in providing that:

> Any party, including a ground water management district, adversely affected or aggrieved by *any decision or act* of the ground water commission *under the provisions of this article* . . . may take an appeal to the district court in the county wherein the water rights or wells involved are situated.

Section 37–90–115(1), C.R.S. (1990 Repl.Vol. 15) (emphasis supplied).

This statute sets forth the time limit for commencing such a proceeding and the identity of the parties to be joined, and it provides that, "if no administrative hearing has been held," the notice of appeal may be

published.   Section   37–90–115(2),   C.R.S. (1990 Repl.Vol. 15).

Finally, this statute provides that:

Proceedings upon the appeal shall be de novo;  except that evidence taken in any administrative proceeding appealed from may be considered as original evidence, subject to. legal objection, as if said evidence were originally offered in such district court.

Section 37–90–115(4), C.R.S. (1990 Repl.Vol. 15).

These provisions differ in two material respects from the provisions for judicial review to be found in the APA.   Under the APA, the action of the agency is to be reviewed based solely upon the record made before the agency.   *See* § 24–4–106(6), C.R.S. (1988 Repl.Vol. 10A);   *Anderson v. State Department of Personnel,* 756 P.2d 969 (Colo.1988).

Further, under the APA, the residence of any state agency is deemed to be the City and County of Denver.   Section 24–4–106(4), C.R.S. (1988 Repl.Vol. 10A).   Hence, the venue for such actions is the Denver District Court.   *State v. Borquez,* 751 P.2d 639 (Colo. 1988);   *Farmers Cafe, Inc. v. State Department of Revenue,* 752 P.2d 1064 (Colo.App. 1988).

■   The APA is inapplicable to any proceedings to the extent that an agency's organic statute is inconsistent with it.   Section 24–4–107, C.R.S. (1988 Repl.Vol. 10A).   *See Home Builders Ass'n v. Public Utilities Commission,* 720 P.2d 552 (Colo.1986);   *Colorado State Board of Medical Examiners v. Reiner,* 786 P.2d 499 (Colo.App.1989).

Here, therefore, because of the obvious conflict between the judicial review provisions of the Ground Water Act and those in the APA with respect to the venue of any action and the nature of the evidence that the court is to consider, it is the Ground Water Act and not the APA that is to be applied in the case of an appeal from any decision or act of the Commission pursuant to § 37–90–115(1).

The Commission does not dispute this basic premise.   It argues, however, that the judicial review provisions of § 37–90–115(1)

apply only to "any decision or act" of a *quasi-judicial* nature and that such term was not intended to govern the judicial review of other, non-adjudicatory decisions, such as the adoption of rules and regulations.   These latter acts, it contends, are reviewable only pursuant to § 24–4–106 of the APA.   For several reasons, we disagree.

■   First, the legislative language used to describe the nature of the actions reviewable under § 37–90–115(1) does not, on its face, admit of the interpretation urged by the Commission.   Under that language, "*any* decision or *act* ..." of the Commission under the Ground Water Act is reviewable pursuant to its provisions.   While the word "decision" might arguably imply some adversarial proceeding,   *see* § 24–4–102(5), C.R.S. (1988 Repl.Vol. 10A), the word "act" does not.   *See, e.g.,* § 24–4–102(1), C.R.S. (1988 Repl.Vol. 10A), which defines "action" by an agency to include the adoption of a "rule" by it.

Further, the facial breadth of these terms is confirmed by § 37–90–115(2), which emphasizes that the procedures for judicial review under that statute are applicable even in those instances in which "no administrative hearing has been held."   Yet, nowhere in the Ground Water Act is there a provision for the Commission to make a quasi-judicial decision without holding a hearing.   Hence, if this phrase in § 37–90–115(2) is to be given effect, it must be concluded that the "decision or act" reviewable under § 37–90–115(1) includes an act by the Commission that is not quasi-judicial in nature.

The unambiguous terms of § 37–90–115, therefore, compel the conclusion that the General Assembly intended to make no distinction between quasi-judicial acts, on the one hand, and quasi-legislative acts on the other.

Second, even if a reference to the Ground Water Act's legislative history might be appropriate, that history is also supportive of our conclusion.   As originally adopted, the forerunner of § 37–90–115(1) allowed an appeal by "any person dissatisfied with any decision, act or refusal to act" to the district court in the county "wherein the water rights or wells involved are situated."   Colo.Sess. Laws 1965, ch. 319, § 148–18–14(1) at 1256.

In 1979, this provision was amended to allow "any action" to be appealed in accordance with the APA, except that the venue for such appeal was to be "in the county in which the water rights are located." Colo. Sess.Laws 1979, ch. 348, § 37–90–115(1) at 1374. In view of the APA's definition of "action," § 24–4–102(1), this provision clearly applied to any rule-making decision of the Commission.

Finally, § 37–90–115 was amended to its present form in 1983. Colo.Sess.Laws 1983, ch. 409 at 1416. This amendment removed all references to the APA and had the effect of explicitly rejecting the APA procedures as appropriate for the review of any ground water issue.

Before these amendments were adopted in 1979 and 1983, the Colorado Supreme Court had rendered its decision in *Kuiper v. Well Owners Conservation Ass'n,* 176 Colo. 119, 490 P.2d 268 (1971), *overruled on other grounds, Alamosa–La Jara Water Users Protection Ass'n v. Gould,* 674 P.2d 914 (Colo.1983). There, the question presented, which was closely akin to that raised here, was whether it is the water judge appointed under the Water Right Act or the Denver District Court under the APA that is the proper forum to review the rules and regulations adopted by the state engineer under the Water Right Act. While acknowledging that the Water Right Act did not specifically address the subject, the supreme court nevertheless concluded that it would be "illogical—in fact nearly unthinkable" for the General Assembly to create special water judges with expertise upon the subject of water and then give to another court jurisdiction over the subject of the validity of regulations that go "to the very heart of the administration of water." *Kuiper v. Well Owners Conservation Ass'n, supra,* 176 Colo. at 131, 490 P.2d at 274.

■ Inasmuch as the General Assembly adopted the 1983 amendment to the Ground Water Act with full knowledge of the *Kuiper* holding, but nevertheless declined to include any specific language limiting the review jurisdiction of the ground water judges, we conclude that no such limitation was legislatively intended. *See Western Lumber & Pole Co.*

*v. Golden,* 22 Colo.App. 209, 124 P. 584 (1912) (General Assembly, in adopting later act, must have had decision of court interpreting prior act in mind, even though later act was not amendment to former).

Finally, quite aside from whatever implications the *Kuiper* opinion might have upon the specific legislative intent with respect to the 1983 amendment to the Ground Water Act, our supreme court's conclusions with respect to the jurisdiction of the water judges under the Water Right Act are persuasive upon the question of the jurisdiction of the ground water judges under the Ground Water Act.

Under § 37–92–203(1), C.R.S. (1990 Repl. Vol. 15) of the Water Right Act, the water judges' jurisdiction is limited to "only those matters" delegated to them by that act or by any other law. And, there is no provision that specifically delegates to these water judges the authority to review any rules or regulations promulgated to implement the Water Right Act.

In contrast, the Ground Water Act delegates to the ground water judges jurisdiction to review "any decision or act" of the Commission.

Given this difference in the language between the two statutes, therefore, if the more restrictive provision of the Water Right Act grants to the water judges jurisdiction to review the regulations promulgated by the state engineer, then the broader language of the Ground Water Act must surely delegate to the ground water judges the jurisdiction to review the regulations promulgated by the Commission.

Hence, we conclude that it is the ground water judge for the designated ground water basin, and not the Denver District Court under the APA, that possesses jurisdiction to review the Commission's regulation.

The Commission argues, however, that such a conclusion, in light of the Ground Water Act's requirement in § 37–90–115(4) that the court hear the matter on a *de novo* basis, would cause the Ground Water Act unlawfully to delegate a legislative function to the courts. We disagree.

■ We appreciate that, when an agency engages in rule-making, it is exercising a quasi-legislative, not a quasi-judicial, function. *Collopy v. Wildlife Commission,* 625 P.2d 994 (Colo.1981). Hence, the standards for reviewing such an action differ from the standards applicable to the review of quasi-judicial actions. *See Citizens for Free Enterprise v. Colorado Department of Revenue,* 649 P.2d 1054 (Colo.1982).

■ The issue before a court reviewing an agency's rule or regulation is not whether the administrative record supports the rule or regulation. Rather, the issues are whether, in adopting the rule or regulation, the agency has regularly pursued its authority, whether the rule or regulation is consistent with the authorizing statute, and whether the rule or regulation suffers from some constitutional deficiency, either facial or as applied. *See City of Aurora v. Public Utilities Commission,* 785 P.2d 1280 (Colo.1990); *Amax, Inc. v. Colorado Water Quality Control Commission,* 790 P.2d 879 (Colo.App.1989).

■ For these reasons, a party seeking to obtain a determination that a rule or regulation is invalid is not limited to pursuing a statutory review procedure. Rather, in such instances, the party may elect to bring a direct action under C.R.C.P. 57 for a declaratory judgment or to commence proceedings to obtain other legal or equitable relief. *Collopy v. Wildlife Commission, supra; CF & I Steel Corp. v. Colorado Air Pollution Control Commission,* 199 Colo. 270, 610 P.2d 85 (1980). In such an action, the plaintiff is not limited to the record of·the rule making proceedings, but may introduce other evidence relevant to the issues presented. *See* C.R.C.P. 57(i) and (m); *Grant v. District Court,* 635 P.2d 201 (Colo.1981).

■ The Ground Water Act calls for a *de novo* review, but provides that the evidence presented to the Commission during the rule-making proceeding is also to be considered by the court. Such provision makes no substantive change from the procedure that a plaintiff could follow even if the APA were applicable. This is so because, since the Commission's adoption of regulations constitutes quasi-legislative action, plaintiff would not be limited to a record review under § 24-4-106, but could bring a separate action in which further relevant evidence could be presented. *See Collopy v. Wildlife Commission, supra.* Hence, this provision for a *de novo* review does not change the standard of review to be applied by the ground water judge, but merely serves to allow the introduction of further evidence in these statutory review proceedings, rather than requiring a complaining party to commence a separate action.

The Commission's reliance upon *Public Utilities Commission v. Northwest Water Corp.,* 168 Colo. 154, 451 P.2d 266 (1969) is misplaced. That case involved the adoption of rates for a particular public utility pursuant to the statute governing the Public Utilities Commission. While rate-making is quasi-legislative rather than quasi-judicial, the proceeding is, nevertheless, party-specific and, unlike the principles applied in rule-making cases, the agency's decision in a rate-making case must be based upon the evidence presented at the hearing. *See Tracy v. Boulder,* 635 P.2d 907 (Colo.App.1981). Hence, the court's opinion in that case is not applicable to a case, such as that here, which involves rule-making.

We recognize that the conclusion we reach here may give rise to issues respecting the various ground water judges' jurisdiction in the event of more than one request for judicial review of the Commission's regulations. Some of those regulations establish uniform procedures for hearings before the Commission; some of them establish substantive provisions to be applied on a state-wide basis; and some are applicable only within one of the four designated ground water basins. The extent to which the jurisdiction of one ground water court, having once attached, would require another ground water court to await the first court's determination before proceeding to adjudicate a similar issue, is an issue not presented in this appeal, and is one, therefore, that we do not reach. *See State ex rel. Danielson v. Vickroy,* 627 P.2d 752 (Colo. 1981).

The judgment of the district court is reversed, and the cause is remanded to the ground water judge of that court for further

proceedings consistent with the views expressed in this opinion.

PLANK and RULAND, JJ., concur.