Michelle Nicole HASTIE,
Petitioner–Appellant,

v.

Roxy HUBER, Director of the Department of Revenue Motor Vehicle Division, State of Colorado, Respondent–Appellee.

No. 08CA1442.

Colorado Court of Appeals,
Div. V.

May 28, 2009.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

Michael T. Kossen, P.C., Michael T. Kossen, Castle Rock, Colorado, for Petitioner–Appellant.

John W. Suthers, Attorney General, Ceri Williams, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

Opinion by Judge BERNARD.

Petitioner, Michelle Nicole Hastie (the licensee), appeals the district court judgment dismissing for lack of jurisdiction her petition seeking judicial review of an administrative order revoking her driver's license. We conclude that the district court did not lack jurisdiction and, therefore, reverse the judgment and remand for further proceedings.

## I. Background

The licensee was arrested for driving under the influence of alcohol in Estes Park, which is located in Larimer County, Colorado.

Following an administrative hearing at which it was determined that the licensee drove with an excessive blood-alcohol content, the Colorado Department of Revenue revoked the licensee's driving privileges for three months.

The licensee then filed a petition for judicial review in the Larimer County District Court. She alleged that she was "an out-of-state resident from the State of Nevada," and that "proper venue" for the action was Larimer County.

The department filed a motion seeking dismissal of the action. It argued that, because the licensee was not a resident of Larimer County, the district court lacked subject matter jurisdiction to consider the merits of the petition under section 42–2–126(9)(a), C.R.S. 2008 (formerly codified as section 42–2–126(10)(a) ). That statute states:

> Within thirty days after the department issues its final determination under this section, a person aggrieved by the determination shall have the right to file a petition for judicial review in the district court in the county of the person's residence.

The department also argued that, although the proper "venue" for the licensee's action was in Denver District Court under the supreme court's decision in *State v. Borquez*, 751 P.2d 639 (Colo.1988), the district court lacked jurisdiction to order a change of venue, and it could only dismiss the case.

The licensee filed a response and motion to amend the petition, alleging that she had "sufficient ties as a resident of Larimer County" to allow filing the petition there. However, she also argued that the relevant statutes and the case law did not "address the specific circumstance of the filing of a petition for judicial review by an out-of-state resident." She asserted that dismissal was not warranted and that, if the court deemed Larimer County an improper forum, the appropriate remedy was to transfer venue pursuant to C.R.C.P. 98.

The district court determined that the licensee failed to establish she was a resident of Larimer County, and thus it concluded that she was, instead, a resident of Nevada. The court acknowledged that the "facts in *Borquez* differed from those presented here." Nevertheless, it determined that, under sec-

tion 42–2–126(9)(a) and the holding in *Borquez*, it lacked jurisdiction to hear the petition or to transfer venue to another county. Accordingly, the district court granted the department's motion and dismissed the action for lack of subject matter jurisdiction.

## II. Discussion

The licensee contends that the trial court erred in dismissing the petition for lack of jurisdiction. She continues to assert that she was a resident of Larimer County for purposes of the filing requirement of section 42–2–126(9)(a). Although we disagree with the licensee's assertion that she demonstrated that she was a resident of Larimer County, we nevertheless agree with her underlying contention that the district court erred in concluding that it lacked jurisdiction over the action sufficient to change venue of the case to the Denver District Court.

## A. Standard of Review

We review de novo a trial court's legal conclusions on a motion to dismiss for lack of subject matter jurisdiction. *See Colo. Ins. Guar. Ass'n v. Menor,* 166 P.3d 205, 209 (Colo.App.2007); *Ashton Props., Ltd. v. Overton,* 107 P.3d 1014, 1017 (Colo.App.2004).

When interpreting a statute, we look first to its plain language. We interpret its terms consistently with their common meanings. *K & S Corp. v. Greeley Liquor Licensing Auth.,* 183 P.3d 710, 713 (Colo.App.2008). Our duty is to interpret statutes in a manner that gives effect to the legislature's intent, and we will not pursue a statutory construction that would lead to an unreasonable or absurd conclusion. Interpretations that conflict with obvious legislative intent must be eschewed. We must, if possible, interpret a statute to give all its parts "consistent and sensible effect." *Richmond Am. Homes of Colo., Inc. v. Steel Floors, LLC,* 187 P.3d 1199, 1204 (Colo.App. 2008).

## B. The Licensee's Residence

Initially, we perceive no error in the district court's determination that the licensee was not a resident of Larimer County.

As pertinent here, section 42–1–102(81), C.R.S.2008, defines "resident" as "any person who has resided within this state continuously for a period of ninety days or has obtained gainful employment within this state, whichever shall occur first."

Here, the licensee specifically alleged in her petition that she was "an out-of-state resident from the State of Nevada." After the department filed its motion to dismiss, the licensee modified her position, stating that she was an Estes Park resident because she maintained a room with her personal belongings at a residence in Estes Park where she stayed "several times a year." She stated that she had "unfettered access to the residence," and that she continued to receive "some mail" there.

None of the allegations in the licensee's response satisfies the requirement of section 42–1–102(81) that she demonstrate either continuous residency in Colorado for ninety days or gainful employment within the state. Nor are we persuaded that the licensee demonstrated "dual residency" in both Nevada and Colorado, or that such a dual status is even recognized. *See* § 1–2–102(1)(d), C.R.S. 2008 (providing that for voting purposes, an individual "shall not be considered to have gained a residence in this state, or in any county or municipality in this state, while retaining a home or domicile elsewhere"); *see also* § 42–1–102(62), C.R.S.2008 (defining "nonresident" as "every person who is not a resident of this state").

In sum, we perceive no error in the district court's determination that the licensee was a resident of Nevada, as initially alleged in her petition, and not a resident of Larimer County.

## C. Jurisdiction and Venue

Given the district court's finding that the licensee is not a Colorado resident, we next analyze whether the Larimer County District Court had jurisdiction over her petition seeking judicial review.

We begin by noting that section 42–2–126(9)(a) does not specify, or even address, where a nonresident of Colorado, such as the licensee, should file a petition for review.

We turn to *Borquez* for guidance on how to resolve the applicability of section 42–2–126(9)(a) to this case.

*Borquez* involved the predecessor statute to section 42–2–126(9)(a), which then, as now, provided that "a person aggrieved by the [department's revocation] determination shall have the right to file a petition for judicial review in the district court *in the county of the person's residence.*" (Emphasis added.) The driver in *Borquez*, a resident of Jefferson County, sought review in Denver to contest the department's decision to revoke her driving privileges. The department moved to dismiss her petition for review, arguing that the predecessor to section 42–2–126(9)(a) was a jurisdictional statute, and, therefore, the Denver District Court did not have jurisdiction over the petition for review because the driver did not reside in Denver. The driver responded that the statute merely specified venue.

Our supreme court agreed with the department, concluding that the statute "explicitly limit[s] jurisdiction, precluding the Denver District Court from having jurisdiction to review the administrative revocation of a nonresident's license." *Borquez*, 751 P.2d at 643. The policy supporting this jurisdictional limitation is to distribute the burden of reviewing revocation orders evenly among the various counties "so that no one district court or district attorney's office must allocate a disproportionate part of its resources to these cases." *Id.* Thus, the Denver District Court was required to dismiss the driver's petition because it lacked jurisdiction to hear the matter, or to even order a change of venue. *Id.* at 645.

Our reading of *Borquez* leads us to conclude that its holding—the district court did not have subject matter jurisdiction over a petition for review—does not control the situation we encounter here, because *Borquez* involved a Colorado citizen who filed her petition for review in a county other than the one in which she resided. In this case, the licensee is no longer a Colorado resident, assuming, without deciding, that she once was. *See* § 42–2–107(1)(d), C.R.S.2008 ("The department may not issue a driver's ... license to any person who is not a resident of

the state of Colorado. The department shall issue such a license only upon the furnishing of such evidence of residency as the department may require.").

■ Accordingly, (1) there was no "residential" county in Colorado in which the licensee could file a petition for review; and (2) the policy reason for the jurisdictional limitation announced in *Borquez*—distributing the workload among counties—does not apply to the licensee's situation. Therefore, because the licensee does not reside in any Colorado county, section 42–2–126(9)(a) does not instruct us on where the licensee must file a petition for review.

However, part of *Borquez's* rationale is helpful in our resolution of this case. In reaching its conclusion, the supreme court noted that, if the predecessor to section 42–2–126(9)(a) had not been enacted, then the predecessor to section 42–2–135(1), C.R.S. 2008, would apply. That statute stated then, as now, that

> [e]very person finally denied a license ... or whose license has been finally cancelled, suspended, or revoked by or under the authority of the department may, within thirty days thereafter, obtain judicial review in accordance with section 24–4–106, C.R.S.; except that the venue for such judicial review shall be in the county of residence of the person seeking judicial review.

The supreme court characterized this language as creating a "venue provision," which allows a licensee to file petition to review a revocation order in any county, but which requires a change of venue to the county in which the driver resides if a proper motion is filed under C.R.C.P. 98. *Borquez*, 751 P.2d at 643.

■ Because we have concluded that section 42–2–126(9)(a) does not apply, *Borquez* directs us to look to section 42–2–135(1). Although, as we have concluded above, the licensee is not a Colorado resident, *Borquez's* interpretation of section 42–2–135(1) indicates that the licensee could file her petition for review in any county. Therefore, the Larimer County District Court had jurisdiction over this case, and its decision to dismiss

this case for lack of jurisdiction must be reversed.

However, this conclusion does not end our analysis because the licensee is not a resident of Larimer County, or of any other Colorado county. Therefore, we turn to the Administrative Procedure Act (APA), specifically section 24–4–106(4), C.R.S.2008, to determine whether Larimer County is the proper venue for the licensee's case.

Section 42–2–126(11), C.R.S.2008, provides that the APA "shall apply to this section to the extent it is consistent with subsection[ ] . . . (9) of this section relating to . . . judicial review [of revocations of drivers' licenses]." Section 24–4–106(4) further provides that "matters of procedure shall be controlled by the Colorado rules of civil procedure."

Section 24–4–106(4) requires generally that an action for judicial review of an administrative decision be filed "in the district court," and does not further specify that jurisdiction is limited to any particular district court. However, section 24–4–106(4) specifically adds that "[t]he residence of a state agency for the purposes of this subsection . . . shall be deemed to be the city and county of Denver." *See Eagle Peak Farms, Ltd. v. Colo. Ground Water Comm'n,* 870 P.2d 539, 542 (Colo.App.1993)(under the APA, residence of any state agency is deemed to be City and County of Denver and venue for such actions is the Denver District Court), *rev'd on other grounds,* 919 P.2d 212 (Colo. 1996); *cf. Farmers Cafe, Inc. v. State,* 752 P.2d 1064, 1065–66 (Colo.App.1988)(action to set aside order of public official is sufficiently similar to injunction action against such official so as to apply venue rule that claim arises, for purposes of C.R.C.P. 98(b)(2), in county where public body has its official residence).

The plain language of sections 24–4–106(4) and 42–2–135(1) leads us to conclude that, absent a specific statute such as section 42–2–126(9)(a), the proper venue for the licensee's petition for review is the Denver District Court. Indeed, *Borquez* suggests this conclusion. The supreme court first noted that the portion of section 24–4–106(4) stating that residence of a state agency is City and County of Denver is "determinative of venue." *Borquez,* 751 P.2d at 641–42. Then,

the court cited C.R.C.P. 98(c)(1), observing that, subject to exceptions not pertinent here, the county of a defendant's residence is a proper venue. *Id.*

*Borquez* also observed that the trial court where a petition for review is filed *must* change venue to the county in which a driver resides if a proper motion is filed under C.R.C.P. 98(f). As applied here, this statement indicates that venue must be changed to the proper place—in this case the City and County of Denver—if the requisite motion is filed. Here, the licensee asked the Larimer County District Court to change venue to the Denver District Court if the Larimer court concluded that it did not have jurisdiction.

Therefore, we conclude that (1) the Larimer County District Court has jurisdiction over the licensee's case; (2) the Larimer County District Court's judgment dismissing the licensee's petition for review must be reversed and this case remanded to the Larimer County District Court; (3) the proper venue for the licensee's case is the Denver District Court; and (4) upon remand, the Larimer County District Court shall change venue of the licensee's case to the Denver District Court under C.R.C.P. 98(f).

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

Judge GRAHAM and Judge BOORAS concur.