**Samuel HOUSTON, Plaintiff-Appellee,**

**v.**

**COLORADO DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES; and Alan Charnes, Director, Defendants-Appellants.**

**No. 84CA0407.**

Colorado Court of Appeals,
Div. II.

March 7, 1985.

Gorsuch, Kirgis, Campbell, Walker and Grover, Peter R. Nadel, Catherine O'Connor, Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellants.

SMITH, Judge.

Samuel Houston's driver's license was revoked pursuant to the Implied Consent Act, Colo.Sess.Laws 1977, ch. 549, § 42–4–1202(3)(e). This section has since been repealed and reenacted. *See* Colo.Sess.Laws 1983, ch. 476. Houston's license was re-

voked on July 12, 1983, by a hearing officer of the Colorado Department of Revenue's Division of Motor Vehicles (DMV). On September 9, 1983, Houston filed, in the district court, a petition for judicial review of the revocation order. From the judgment of the district court reversing the license revocation, the DMV appeals. We reverse and remand with directions that the district court dismiss the petition for review.

The dispositive issue here is whether Houston's application for review was timely filed in the district court, and thus, whether the district court had ever acquired jurisdiction. Resolution of this issue requires that we address the question: When does an order of revocation under The Implied Consent Act, then in effect, become a "final agency action" subject to judicial review under § 24–4–106, C.R.S. (1982 Repl.Vol. 10).

Houston argues that the hearing officer's decision is only an "initial" decision under § 24–4–105(14) C.R.S., (1982 Repl. Vol. 10) and that not until the agency itself acts, or until 30 days has expired without its acting, does the decision become "final agency action." The DMV, on the other hand, asserts that its revocation order was final upon the July 12th hearing and that Houston's petition for review, filed nearly sixty days later, was untimely. We agree with the DMV's view.

■ Section 42–2–127, C.R.S. (1984 Repl. Vol. 17) provides that "every person ... whose license has been finally ... revoked by or under the authority of the department may within thirty days thereafter, obtain judicial review...." A hearing officer who conducts the license revocation proceeding acts as a duly authorized officer for and on behalf of the DMV. *See* § 42–1–102(19), C.R.S. (1984 Repl.Vol. 17). Section 42–4–1202(3)(e) required the hearing officer to "forthwith revoke" the license of a driver who refused a blood alcohol determination test upon a finding that such driver "is unable to submit evidence that his physical condition was such that ... [the] test would have been inadvisable or ... not in conformity with the rules and regulations of the state board of health...." This section also specified that "[a]ll such periods of revocation or denial shall commence on the date of the hearing." These provisions are clear and specific, and thus, we conclude that an order of revocation issued at the conclusion of a DMV hearing is final at the conclusion of the hearing. Judicial review must be perfected within thirty days after the date of that hearing, as specified in § 42–2–127, C.R.S. (1984 Repl.Vol. 17).

Inasmuch as these provisions are specific as to when an order is effective, when it is final, and when a petition for judicial review is to be filed, they are controlling; notwithstanding other conflicting provisions of the state Administrative Procedure Act. *See* § 24–4–107, C.R.S. (1982 Repl. Vol. 10); *Colorado Rocky Mountain School v. Shriver*, 689 P.2d 651 (Colo.App. 1984).

■ The record demonstrates that Houston received the revocation order with instructions for petitioning for judicial review at the conclusion of the hearing. At that time, Houston was also orally advised that he had thirty days from the date of the hearing within which he could seek judicial review. Thus, since the petition for review was not filed within the statutory time limit, the district court did not acquire jurisdiction over the matter. If an appeal is not perfected within the statutory time limit, dismissal is mandated. *Crocker v. Colorado Department of Revenue*, 652 P.2d 1067 (Colo.1982); *Clasby v. Klapper*, 636 P.2d 682 (Colo.1982).

In view of our determination that the court lacked jurisdiction to review the revocation order, we likewise deny Houston's motion to dismiss the appeal based on his argument that the DMV lacked jurisdiction in the first instance.

The judgment of the district court is reversed and the cause is remanded with directions to dismiss the petition for review.

KELLY and STERNBERG, JJ., concur.