**Donald L. CHENEY, Plaintiff–Appellant,**

v.

**STATE OF COLORADO MINED LAND RECLAMATION BOARD, DEPARTMENT OF NATURAL RESOURCES, Defendant–Appellee.**

No. 90CA1048.

Colorado Court of Appeals, Div. V.

Aug. 29, 1991.

Rehearing Denied Oct. 17, 1991.

Certiorari Denied March 10, 1992.

David L. Kofoed, P.C., David L. Kofoed, Englewood, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Frank R. Johnson, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge PLANK.

Plaintiff, Donald L. Cheney, appeals from a trial court judgment dismissing as untimely his complaint for judicial review of an order of the defendant, Colorado Mined Land Reclamation Board. We affirm.

The Board issued Cheney a notice of possible violations of § 34–32–116, C.R.S. (1990 Cum.Supp.). A hearing before the Board concerning the alleged violations was held June 21, 1989. Written findings of fact and conclusions of law were issued June 30, 1989. Cheney did not seek judicial review of the June 30, 1989, decision within the thirty-day time period provided in § 24–4–106(4), C.R.S. (1988 Repl.Vol. 10A).

On August 6, 1989, Cheney petitioned the Board to reconsider its June 30th decision.

The Board granted Cheney a hearing on his petition to reconsider, and that hearing was conducted October 18, 1989. The Board notified Cheney on October 23, 1989, that it was upholding its earlier decision. Cheney then filed a complaint in district court for judicial review of the Board's action. The trial court dismissed Cheney's complaint.

In support of the trial court's judgment, the Board contends that the filing of a motion to reconsider and the Board's subsequent ruling on the motion did not extend the time in which to seek judicial review of the underlying order dated and mailed June 30, 1989, and that, therefore, the complaint for judicial review was not timely filed. We agree.

Section 24–4–106(2), C.R.S. (1988 Repl. Vol. 10A) of the State Administrative Procedure Act provides in part:

"Final agency action under this or any other law shall be subject to judicial review as provided in this section, whether or not an application for reconsideration has been filed, unless the filing of an application for reconsideration is required by the statutory provisions governing the specific agency."

And, neither the Colorado Mined Land Reclamation Act, § 34–32–101, et seq., C.R.S. (1990 Cum.Supp.), nor the Department of Natural Resources Regulations, 2 Code Colo.Reg. 407–1 (effective October 1988 through December 1990), requires the filing of a motion for reconsideration or extends the time for seeking judicial review of an order of the Colorado Mined Land Reclamation Board upon the filing of a motion for reconsideration.

Thus, the June 30, 1989, order was the final decision of the Board subject to judicial review, notwithstanding the filing of the motion for reconsideration and the Board's denial of the motion. Consequently, the complaint for judicial review filed on November 22, 1989, was not timely. *See* § 24–4–106(4), C.R.S. (1988 Repl.Vol. 10A).

Since the filing of the motion for reconsideration was neither authorized by law or rule, and since the motion was not filed within the thirty-day period provided for seeking judicial review of the June 30, 1989, order, plaintiff's assertions that he acted in reliance on the Board's treatment of the motion are unpersuasive. Further, the October 23, 1989, order did not modify or amend the June 30, 1989, order; it simply applied the self-executing provisions of the earlier order.

Plaintiff's argument asserting error in the trial court's failure to rule on his post-trial motion is without merit. *See* C.R.C.P. 59(j).

The judgment of dismissal is affirmed.

JONES and NEY, JJ., concur.