Kenneth F. **KNAUS**, Plaintiff–Appellant,

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION**, Defendant–Appellee.

No. 91CA1876.

Colorado Court of Appeals, Div. V.

Dec. 17, 1992.

Law Offices of Allen J. Kincaid, Allen J. Kincaid, Englewood, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark W. Ger-ganoff, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge JONES.

Plaintiff, Kenneth F. Knaus, appeals from the district court judgment affirming the revocation of his driver's license by the Department of Revenue (Department) for driving with an excessive blood alcohol content. The sole issue on appeal involves the timing of the three-month revocation period ordered by the Department in this case. We affirm.

The record reveals the following facts. Plaintiff was arrested for driving under the influence of alcohol on January 9, 1991, and submitted to a blood test later that night. Based on the results of the blood test, the Department subsequently revoked plaintiff's driver's license for three months pursuant to § 42–2–122.1, C.R.S. (1984 Repl. Vol. 17), for driving with an excessive blood alcohol content. The propriety of the revocation itself or its length is not challenged on appeal, only its timing.

On January 15, 1991, upon his receipt of the blood test results from the laboratory, the arresting officer completed a notice of revocation form concerning the January 9 incident. In completing this form, the arresting officer checked a box indicating that plaintiff's license would be revoked effective eight days later unless plaintiff requested a hearing within the interim seven days. *See* § 42–2–122.1(5)(a), C.R.S. (1984 Repl.Vol. 17).

However, as plaintiff was then no longer in custody, the arresting officer did not serve this notice of revocation on plaintiff personally. *See* § 42–2–122.1(4)(a), C.R.S. (1992 Cum.Supp.). In addition, there is no indication in the record that this notice of revocation was ever mailed to plaintiff by the arresting officer or by the Department. Rather, the arresting officer sent the completed notice of revocation form and other documents concerning the incident to the Department to enable it to determine whether plaintiff's privilege to drive should be revoked, as required in § 42–2–122.-1(2)(a), C.R.S. (1992 Cum.Supp.).

On March 25, 1991, the Department thereupon issued a separate notice of revocation concerning the January 9 incident and served this notice on plaintiff by certified mail. *See* §§ 42–2–122.1(3)(a) & (b), C.R.S. (1992 Cum.Supp.). This notice advised plaintiff that his license would be revoked for three months effective April 5, 1991, unless he requested a hearing on or before April 4, 1991, pursuant to § 42–2–122.1(5)(a).

Plaintiff, through his attorney, timely requested such a hearing on April 3, 1991. *See* § 42–2–122.1(7)(b), C.R.S. (1992 Cum. Supp.). The Department granted plaintiff's request, and the hearing on the matter was held on May 15, 1991.

At the hearing, plaintiff testified that his attorney had obtained a copy of the January notice of revocation completed by the arresting officer "from the District Attorney's Office" and had discussed it with him and had sent him a copy of it in the mail. Based on that document and his attorney's advice, plaintiff testified that he had believed since early February that his license had already been revoked and that the revocation period was already in effect. Plaintiff also testified that upon his receipt of the March notice of revocation, he believed that the Department was revoking his license for an additional period of three months as of April 5.

The hearing officer ruled that no revocation of plaintiff's license had been in effect prior to the time of the hearing and that any misunderstanding plaintiff may have had to the contrary was not the Department's fault or responsibility. Accordingly, at the conclusion of the hearing, the hearing officer ordered the revocation of plaintiff's license for three months effective May 15, 1991, until August 14, 1991. On review, the district court affirmed, and this appeal followed.

On appeal, plaintiff contends that the Department erred in failing to give him credit for periods of revocation that were in effect or that he believed were in effect prior to the hearing. Specifically, plaintiff contends that he was entitled to credit towards the three-month revocation period

either from January 23 to the date of the hearing, based on the January notice of revocation, or from April 5 to the date of the hearing, based on the March notice of revocation. We find no merit in plaintiff's contentions.

Under the applicable statutory scheme, the Department is required to make a preliminary revocation determination based on the documents submitted to it by the arresting officer. *See* §§ 42–2–122.1(1.5)(b) & (3)(a), C.R.S. (1992 Cum.Supp.). However, notice of such a revocation determination is required by statute to be served on the licensee either by the arresting officer personally or by the Department by mail. *See* §§ 42–2–122.1(3)(a), (3)(b), & (4)(a), C.R.S. (1992 Cum.Supp.).

Moreover, under the terms of the statute, such a revocation determination is not effective against a licensee until seven days after the licensee has been served with the notice of revocation by one of the foregoing methods, and if the licensee makes a timely request for a hearing within that seven-day period, the statute provides that the effective date of the revocation is stayed until a final order is issued following the hearing. *See* § 42–2–122.1(5)(a), C.R.S. (1984 Repl.Vol. 17).

■ Here, contrary to plaintiff's argument, his license was not under revocation effective as of January 23 based on the January notice of revocation because that notice was never served on plaintiff pursuant to either of the prescribed statutory methods. *See* § 42–2–122.1(5)(a), C.R.S. (1984 Repl.Vol. 17); *see also Potter v. State*, 739 P.2d 908 (Colo.App.1987) (since notice of revocation not properly served on licensee by either of the statutory methods, no final revocation order in effect and licensee entitled to requested hearing).

■ In addition, since plaintiff timely requested a hearing following the proper service of the March notice of revocation on him, his license was also not under revocation effective as of April 5 as stated in that notice, because that effective date was stayed under the terms of the statute until the final order was issued following the

hearing. *See* § 42–2–122.1(5)(a), C.R.S. (1984 Repl.Vol. 17).

■ We also reject plaintiff's argument that he should have been given credit for any periods he was under the erroneous belief that his license was under revocation prior to the hearing. As noted by the hearing officer and the district court, plaintiff's misunderstanding was not the fault or responsibility of the Department here, and the effective date of the revocation period here was required by statute to begin following the issuance of the final order at the hearing. *See* § 42–2–122.1(5)(a), C.R.S. (1984 Repl.Vol. 17).

Thus, the hearing officer properly ordered the three-month revocation period here to begin effective as of May 15, and the district court properly affirmed this ruling.

The judgment is affirmed.

HUME and MARQUEZ, JJ., concur.