BETHESDA FOUNDATION OF NE-
BRASKA and MTC West, Inc., d/b/a
Bethesda Care Centers, d/b/a Bethany
Care Center, Plaintiffs–Appellees,

v.

COLORADO DEPARTMENT OF SOCIAL
SERVICES; Steven V. Berson, in his
official capacity as Executive Director
of the Department of Social Services;
Colorado State Board of Social Services;
Colorado Department of Administration;
and the State of Colorado, Defendants–
Appellants.

No. 91CA1711.

Colorado Court of Appeals,
Div. II.

April 8, 1993.

Rehearing Denied May 13, 1993.

Certiorari Granted Jan. 24, 1994.

Miles and Epstein, P.C., Frederick Miles,
Nancy P. Tisdall, Denver, for plaintiffs-appel-
lees.

Gale A. Norton, Atty. Gen., Raymond T.
Slaughter, Chief Deputy Atty. Gen., Timothy
M. Tymkovich, Sol. Gen., Wade Livingston,
First Asst. Atty. Gen., Denver, for defen-
dants-appellants.

Opinion by Judge HUME.

Defendants, Colorado Department of So-
cial Services (Department), Steven V. Berson
as Executive Director for the Department,
Colorado State Board of Social Services, Col-
orado Department of Administration, and the
State of Colorado, appeal from a district
court judgment that reversed an order en-
tered by an Administrative Law Judge (ALJ)
affirming payment rates established by the
Department for nursing home care provided
to Medicaid patients by plaintiffs, Bethesda
Foundation of Nebraska and MTC West,
Inc., d/b/a Bethesda Care Centers, and Be-
thany Care Center (nursing homes). We
dismiss the appeal and remand with di-
rections that the district court judgment be
vacated.

Plaintiffs protested the rates established
by the Department for the nursing home
care they provided to Medicaid patients. Af-
ter a hearing conducted by an ALJ appointed
pursuant to Colo. Sess. Laws 1987, ch. 172,
§ 26–1–106 at 973, the protest was denied by
entry of a written decision which constituted
final agency action.

The ALJ's decision was dated July 7 and
mailed to counsel on July 12, 1988. The
decision includes a notice expressly advising
the parties that it would become effective

and binding on the parties three days after its mailing and that any action for judicial review, pursuant to the provisions of § 24–4–106(4), C.R.S. (1988 Repl.Vol. 10A) and § 26–1–106, C.R.S. (1989 Repl.Vol. 11B), must be filed within 30 days from the date the order becomes effective, as required by Social Services Regulation No. 3.650.74, 9 Code Colo. Reg. 2503.1.

Section 24–4–106(2), C.R.S. (1988 Repl. Vol. 10A) provides:

Final agency action . . . shall be subject to judicial review as provided in this section, whether or not an application for reconsideration has been filed, unless the filing of an application for reconsideration is required by the statutory provisions governing the specific agency.

And, § 24–4–106(4), C.R.S. (1988 Repl.Vol. 10A) provides that proceedings for judicial review of agency actions are to be commenced in the district court "within thirty days after such agency action becomes effective."

No state statute requires the filing of a motion for rehearing or reconsideration of final agency action by the Department, or extends the time for seeking judicial review upon the filing of such a motion. To the contrary, Social Service Regulation No. 8.050.08, 10 Code Colo. Reg. 2505–10, expressly provides that the decision of the ALJ shall be final agency action from which either the provider or the Department may seek judicial review. In addition, Social Services Regulation No. 3.850.71, 9 Code Colo. Reg. 2503.1 (as then in effect), provided that the ALJ's decision became final and binding three days after the date of its mailing to the parties or their counsel.

Accordingly, here, plaintiffs' complaint seeking judicial review was required to be filed on or before August 15, 1988. However, on August 4, 1988, counsel for the respective parties filed a stipulation for an order postponing the effective date of the agency action. The stipulation erroneously represented that the agency action would become final on August 15, 1988, and contained an agreement that, upon approval of the ALJ, the effective date of the agency decision would be postponed to and including October 1, 1988.

The stipulation did not cite any authority for the requested delay, nor did it allege or request a finding that irreparable injury would result from the agency decision. It averred only that the decision was complex and lengthy and that counsel were too busy with other matters to determine the meaning and effect of the ALJ's decision. The stipulation made no mention that either party was then contemplating the filing of a motion for reconsideration of the ALJ's July 7 decision.

On August 11, 1988, an order purporting to postpone the effective date of the agency decision was entered by an ALJ other than the one who had conducted the hearing and entered the July 7 decision. The order did not cite any legal authority in support of the delay, nor did it contain any finding that irreparable injury would otherwise result. Nevertheless, it purported to change the effective date of the July 7 decision from July 15 to September 1, 1988. The order further required that any motion for reconsideration be filed on or before September 15 and that responses thereto be filed on or before September 23, 1988.

Subsequently, the parties filed a second stipulation for an order further postponing the effective date of the July 7 decision. The stipulation is dated September 15, 1988, but is receipt stamped "Sep 16 1988" by the division of administrative hearings.

The second stipulation recites the entry of the agency decision, its mailing on July 12, the filing of the August 4 stipulation, and the August 11 order postponing the effective date of the agency decision. The stipulation avers that a motion for reconsideration is filed contemporaneously with the stipulation and that reconsideration may not be completed in time to allow compliance with § 24–4–106(4) requiring judicial review within 30 days. The stipulation did not aver the existence or prospect of any irreparable injury if agency action were not postponed, nor did it cite any authority in support of the requested delay.

On September 19, 1988, the same ALJ who had entered the first order postponing the effective date of the decision entered another order further postponing the effective date

indefinitely, until the motion for reconsideration could be determined. Thereafter, on October 14, 1988, the ALJ who had issued the July 7 decision entered an order denying the motion for reconsideration, and the nursing homes filed a complaint seeking judicial review on November 14, 1988, nearly four months after the original effective date of the ALJ's original decision.

The district court considered the action for judicial review on its merits and ultimately reversed the ALJ's decision. Defendants now appeal the district court's judgment on its merits.

We directed the parties to file supplemental briefs addressing whether the district court had jurisdiction to review the merits of the agency decision. The resolution of this question is essential to a determination whether the district court judgment is a nullity, or whether we have jurisdiction to consider its merits.

■ Neither party has submitted any statutory authority for the proposition that the filing of a motion to reconsider extends the effective date of the final agency decision pursuant to § 24–4–106(2), C.R.S. (1988 Repl. Vol. 10A). The effective date of the ALJ's decision was clearly specified in the July 7 decision in conformity with §§ 24–4–102(1) and 24–4–105(16), C.R.S. (1988 Repl.Vol. 10A) and with the requirements of the Department's regulations.

■ The parties have not offered, nor have we found, any statutory authority to support the proposition that an ALJ has the power to extend the effective date of an agency decision or to extend the statutory time for filing a complaint for judicial review. Their assertions based upon inherent authority or judicial economy are without merit and must be rejected.

Our supreme court has ruled that:

In an action which is entirely statutory, the procedure therein prescribed is the measure of the power of the tribunal to which jurisdiction of causes arising under the statute is given. There must be a strict compliance with the provisions of such a statute, which are mandatory, and in the absence of such compliance the court has no jurisdiction to act.

*State v. Borquez,* 751 P.2d 639, 644 (Colo. 1988).

Here, we need not determine whether § 24–4–106(5), C.R.S., (1988 Repl.Vol. 10A) may provide authority for changing the effective date of an agency decision as well as staying the effective date of actions prospectively authorized by an agency's final decision. The record is devoid of any indication that irreparable injury was asserted by the parties or found by either the ALJ or the district court as required by that statute.

We conclude that the controlling statutes clearly and unequivocally specify the period within which judicial review of agency action must be sought and that no authority for extending that period has been demonstrated to be applicable here. *See Colorado Water Quality Control Commission v. Town of Frederick,* 641 P.2d 958 (Colo.1982); *Cheney v. State of Colorado Mined Land Reclamation Board,* 826 P.2d 367 (Colo.App.1991).

Since the district court was without jurisdiction to consider the action for judicial review, its judgment is a nullity, and our jurisdiction extends no further than determining that we should neither countenance nor review the merits of a void judicial review proceeding. *See State v. Borquez, supra.*

The appeal is dismissed, and the cause is remanded with directions that the trial court vacate its judgment and reinstate the final agency decision.

STERNBERG, C.J., and TURSI, J., concur.