BETHESDA FOUNDATION OF NEBRASKA, MTC West, Inc., d/b/a Bethesda Care Centers, d/b/a Bethany Care Center, and LTC Health Care Services, Inc., Plaintiffs–Appellees,

v.

COLORADO DEPARTMENT OF SOCIAL SERVICES, Karen Beye, in her official capacity as Acting Executive Director of the Department of Social Services, Colorado Board of Social Services, Colorado Department of Administration, and the State of Colorado, Defendants–Appellants.

Nos. 92CA1549, 92CA1598.

Colorado Court of Appeals,
Div. V.

April 7, 1994.

Rehearing Denied May 12, 1994.

Certiorari Denied Oct. 17, 1994.

Miles & Epstein, P.C., Frederick Miles, Denver, for plaintiffs-appellees.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wade Livingston, First Asst. Atty. Gen., Denver, for defendants-appellants.

Opinion by Judge HUME.

The Colorado Medicaid regulations state that a health-care provider is entitled to recover its legal expenses if it prevails in litigation against the Department of Social Services concerning reimbursable costs. The issue presented in these consolidated appeals is whether a prevailing provider may recover legal expenses that are incurred after it voluntarily exits the Medicaid program during the course of an appeal involving the Department. The district courts in the two underlying cases concluded that an award was required under the regulations prior to their amendment. We vacate the award and dismiss the appeal in case 92CA1549, affirm the judgment in case 92CA1598, and remand the latter cause with directions.

I. 92CA1598.

The Medicaid program is designed to provide full reimbursement of a health-care provider's actual costs. *Geriatrics, Inc. v. Colorado Department of Social Services,* 712 P.2d 1035 (Colo.App.1985). This principle is reflected in Department of Social Services Regulation § 8.440, 10 Code Colo.Reg. 2505–10,

which provides that nursing homes participating in the program "shall receive reasonable reimbursement in accordance with these rules . . . and based upon the nursing home's *allowable* audited *costs.*" (emphasis added) The regulations go on to define "allowable" costs, and they provide for reimbursement of those costs on a prospective basis, with the costs incurred in one period (as reported by the Medicaid service provider) used to establish the payment rate for a subsequent period. Allowable costs authorized to be used in establishing a prospective reimbursement rate include legal expenses incurred by a provider that prevails in litigation against the Department. Department of Social Services Regulation § 8.448.48, 10 Code Colo.Reg. 2505–10 ("Legal fees, expenses and costs shall be allowable if said costs are reasonable, necessary and patient-related").

Here, the Medicaid provider, LTC Health Care Services, Inc. (LTC), prevailed in an administrative appeal challenging the Department's calculation of a payment rate, and it also prevailed when the Department appealed the ruling of the administrative law judge (ALJ) to the district court. LTC's entitlement to an award of its legal expenses was called into question, however, because as its case was pending before the ALJ, it terminated its involvement in the Medicaid program by selling its interest in several nursing homes to a third party.

The method set forth in the Department's regulations for providing payment of these legal expenses specifies that "providers shall report the legal fees, expenses and costs . . . *on the cost report for the period in which incurred.*" Department of Social Services Regulation § 8.448.48(B)(2), 10 Code Colo. Reg. 2505–10. (emphasis added) It would have been meaningless for LTC to file a cost report on the legal expenses incurred before it withdrew from the Medicaid program, since those expenses could be reimbursed only through adjustments to future payment rates. In a similar fashion, the reporting requirement would not allow LTC to receive reimbursement for the expenses it had incurred after its withdrawal from the Medicaid program, since cost reports can only be submitted by an active, participating provider.

This apparent conundrum was not directly addressed in the proceedings before the district court, and the Department did not contest LTC's request for reimbursement of the legal expenses incurred before the sale of the nursing homes. The Department insisted, however, that the legal expenses incurred after the sale were not a cost of providing services to Medicaid patients and they therefore could not be awarded through a retroactive adjustment of LTC's payment rate. The district court rejected this argument and, instead, concluded that LTC's legal expenses were patient-related costs that were required to be reimbursed. This appeal followed.

LTC has a right to be reimbursed for the cost of providing care, and the regulations establish that any legal expenses incurred by a prevailing provider in protecting that right of reimbursement are considered an independent recoverable cost.

Although the payment procedure set forth in the Department's regulations presumes that a prevailing provider will have an ongoing participation in the Medicaid program, that procedure cannot reasonably be construed as cutting off a provider's entitlement to recover its litigation expenses when it withdraws from the Medicaid program before legal proceedings have concluded. As noted above, the regulations specify that a provider "shall receive reasonable reimbursement . . . based upon the nursing home's *allowable* . . . costs," and they go on to state that a prevailing provider's legal expenses "shall be *allowable.*" Department of Social Services Regulation §§ 8.440 and 8.448.48, 10 Code Colo.Reg. 2505–10. (emphasis added)

Furthermore, although the Department's regulations do not directly provide for an award of legal expenses that are incurred by an exiting provider, they do state that *Medicare* statutes, regulations, and guidelines are to be considered in reaching a rate determination "[w]here no specific Medicaid authority exists." In this regard, the Provider Reimbursement Manual, 1 *Medicare and Medicaid Guide* (CCH) ¶ 5849D–67, which is issued by the Health Care Financing Administration of the Federal Department of Health

and Human Services, states that when a provider terminates its participation in the Medicare program, the allowable costs include any subsequently incurred legal expenses that are "related to the settlement of reimbursement for patient care rendered while the provider was participating in the program." Prov.Reimb.Man. ¶ 5999Z–25. This guideline, in our view, provides adequate authority to allow for reimbursement of legal expenses incurred by a prevailing provider for litigation which concluded after the provider terminated its participation in the Medicaid program.

In reaching this conclusion, we note that § 8.448.48 was amended, effective May 1, 1993, to provide that legal expenses "incurred for any reason after a change of ownership has occurred shall *not* be allowable as a part of a Medicaid rate *or* in a lump sum amount to the provider or the provider's attorney." Department of Social Services Regulation § 8.448.48(A)(7), 10 Code Colo. Reg. 2505–10. However, the Department has not contended that the amendment is applicable to the issues presented in this appeal. Therefore, we perceive no error in the trial court's ruling.

## II. 92CA1549

In *Bethesda Foundation v. Department of Social Services*, 867 P.2d 1 (Colo.App.1993) (*cert. granted* Jan. 24, 1994), we concluded that the district court lacked jurisdiction to review the ruling of the ALJ, and therefore, we remanded the case with directions to the district court to vacate its judgment. As a result, the district court's ruling as to recoverable fees incurred in those proceedings is also a nullity, and the issues in Colo.App. No. 92CA1549 are thereby rendered moot, subject to the ultimate resolution of the *certiorari* proceedings now pending.

The judgment of the district court in Colo. App. No. 92CA1598 is affirmed, and the cause is remanded to the district court for further proceedings to determine the amount of the award consistent with this opinion. The award entered by the district court in favor of Bethesda is vacated, and the appeal in Colo.App. No. 92CA1549 is dismissed.

RULAND and CASEBOLT, JJ., concur.