Edward FOOS, Plaintiff–Appellant,

v.

STATE of Colorado; Department of Revenue of the State of Colorado, Motor Vehicle Division, Hearing Section; Pauline Tupper, as the Hearing Officer; and Kevin Patterson, as the Representative of the Executive Branch of the State of Colorado, Defendants–Appellees.

No. 93CA0626.

Colorado Court of Appeals, Div. III.

June 16, 1994.

Rehearing Denied Aug. 4, 1994.

Certiorari Denied Feb. 6, 1995.

Jack Kintzele, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark W. Gerganoff, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge PLANK.

Plaintiff, Edward Foos, appeals from the district court judgment dismissing his complaint for judicial review of an order of the Department of Revenue (Department), which revoked his driver's license in proceedings pursuant to § 42–2–122.1, C.R.S. (1993 Repl. Vol. 17). The district court ruled that it lacked jurisdiction to proceed in this matter because plaintiff had not exhausted his administrative remedies before seeking judicial review in that he had failed to request a reopening of the revocation hearing with the Department. We reverse and remand for further proceedings by the district court on judicial review.

The essential facts are not in dispute. On the day of the scheduled revocation hearing, plaintiff's Denver counsel was unable to travel to Grand Junction to represent plaintiff at the hearing because of a snowstorm. Counsel contacted the hearing officer by telephone prior to the hearing concerning his inability to get there and requested either that the hearing be rescheduled or that he be allowed to represent plaintiff at the hearing by telephone. The hearing officer denied both requests but also advised plaintiff's counsel that plaintiff would be granted the right to request a reopening of the hearing within the next thirty days.

The hearing was held as previously scheduled. Plaintiff appeared at the hearing but without counsel. At the hearing, the hearing officer repeatedly advised plaintiff of the denial of his counsel's requests, but that he had the right to request the Department to reopen the hearing within the next thirty days. The hearing officer further advised plaintiff that he also had the right to file an appeal in district court within 30 days of any revocation order issued following the hearing.

At the conclusion of the hearing, based on a preponderance of the evidence presented, the hearing officer found that plaintiff had driven with an excessive blood alcohol content. The hearing officer therefore ordered the revocation of plaintiff's driver's license for three months, effective immediately.

Plaintiff did not thereafter request any reopening of the revocation hearing with the Department. Rather, plaintiff challenged the revocation order by filing a complaint in district court for judicial review.

However, noting that plaintiff's assertions in his complaint all stemmed from the Department's action in conducting the revocation hearing without his counsel being present, the district court ruled that plaintiff had failed to exhaust his administrative remedies by reason of his having not requested a reopening of the hearing. Accordingly, the district court dismissed plaintiff's complaint for lack of jurisdiction.

On appeal, plaintiff contends that the district court erred in ruling that he had failed to exhaust his administrative remedies before seeking judicial review in this matter. We agree.

Notwithstanding the hearing officer's assurances that plaintiff had been granted the right to a reopening of the revocation hearing, under the statutory scheme governing such proceedings, there is no legal basis or

authority for any such "reopening" right being given by the Department. *See* § 42–2–122.1. And, in such statutorily-governed proceedings, the Department's authority is limited by the pertinent statutory provisions. *See State v. Borquez,* 751 P.2d 639 (Colo. 1988); *Wilson v. Hill,* 782 P.2d 874 (Colo. App.1989). Thus, absent any statutory authorization for such a "reopening" right here, we conclude that the asserted right thereto was a nullity and that plaintiff was not required to "exhaust" such an invalid administrative "remedy" as a condition precedent to his statutory right to seek judicial review of the Department's final order of revocation in this matter. *See* § 42–2–122.1(9)(a), C.R.S. (1993 Repl.Vol. 17); *see also* § 24–4–106(2), C.R.S. (1988 Repl.Vol. 10A) (authorizing judicial review of final agency action *whether or not* motion for reconsideration filed, *unless* filing of motion for reconsideration *required by statute* ); *cf. Cheney v. State Mined Land Reclamation Board,* 826 P.2d 367 (Colo.App. 1991) (complaint for judicial review of final agency action properly dismissed as untimely when it was not filed until date after completion of unauthorized agency proceedings on motion for reconsideration).

Moreover, under the applicable statutory scheme, the final agency action of the Department which is subject to judicial review in express consent revocation proceedings is the issuance of the final order of revocation by the hearing officer at the conclusion of the revocation hearing. *See* §§ 42–2–122.1(5)(a), (7)(f), & (8)(b), C.R.S. (1993 Repl.Vol. 17); *Knaus v. Department of Revenue,* 844 P.2d 1318 (Colo.App.1992); *see also Houston v. Colorado Department of Revenue,* 699 P.2d 15 (Colo.App.1985) (similar ruling under predecessor former implied consent statute).

Here, the hearing officer expressly issued such a final order of revocation at the conclusion of the scheduled hearing. At that time, the hearing officer did not set a time and place for any continued hearing; rather, despite the advisements given concerning the invalid "reopening" procedure, the hearing officer issued the three month order of revocation to plaintiff, effective immediately. The hearing officer had also previously advised plaintiff of his statutory right to seek judicial review of this order in the district court within the next thirty days. Plaintiff thereafter properly exercised this statutory right by timely filing his complaint in the district court for judicial review of this final order of revocation. *See* § 42–2–122.1(9)(a).

Thus, because plaintiff complied with all pertinent statutory requirements in filing his complaint for judicial review of the final order of revocation here, the district court did indeed have jurisdiction to proceed in this matter. Consequently, this matter will be remanded for further proceedings by the district court on the merits of plaintiff's action for judicial review of the revocation order.

■ On remand, the district court's disposition of the merits of the judicial review proceedings must be governed solely by the standards of the applicable provisions of § 42–2–122.1 and the Administrative Procedure Act, § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A). *See* §§ 42–2–122.1(9) & (10), C.R.S. (1993 Repl.Vol. 17); §§ 24–4–105 & 24–4–106, C.R.S. (1988 Repl.Vol. 10A). Thus, contrary to certain assertions in plaintiff's complaint, C.R.C.P. 106(a)(4) provides no basis for relief in this matter. *See State v. District Court,* 802 P.2d 473 (Colo.1990).

We also note that, although plaintiff's complaint asserted certain other claims for relief in addition to his claim for judicial review, including a claim pursuant to 42 U.S.C. § 1983 (1988), the district court dismissed plaintiff's complaint in its entirety, and plaintiff has not challenged the dismissal of his other claims in his briefs on appeal before this court. Therefore, we need not address any issues relating to such other claims.

In light of our disposition of the issues, we also need not address the remaining contentions of the parties.

Accordingly, as to plaintiff's claim for judicial review the judgment of dismissal is reversed, and the cause is remanded for further proceedings by the district court consistent with the views expressed in this opinion.

JONES and KAPELKE, JJ., concur.