James A. JEFFRIES, Petitioner–
Appellant,

v.

Fred FISHER, Executive Director, Motor Vehicle Division, Colorado Department of Revenue, Respondent–Appellee.

No. 01CA2069.

Colorado Court of Appeals,
Div. II.

Feb. 13, 2003.

Forrest W. Lewis, P.C., Forrest W. Lewis, Denver, Colorado, or Petitioner–Appellant.

Ken Salazar, Attorney General, Robert L. Pastore, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

Opinion by Judge STERNBERG.*

Petitioner, James A. Jeffries, appeals the district court judgment affirming an order of the Department of Revenue revoking his driver's license. Because we conclude that petitioner did not timely seek review of the revocation order, we vacate the judgment and remand with directions to dismiss the petition for lack of jurisdiction.

On November 1, 2000, the Department conducted a revocation hearing based upon petitioner's alleged refusal to submit to a test of his blood alcohol level following an accident. At the conclusion of the hearing, the hearing officer determined that the facts supported revocation and entered an "Order of Revocation."

On or about December 1, 2000, petitioner filed with the Department a "Petition for Reconsideration and Withdrawal of Revocation Order." On December 4, the hearing officer sent petitioner's counsel a letter indicating that he had received the filing, but was "not persuaded" to reverse his decision.

Also on December 4, petitioner filed his petition for review of the revocation order in the district court. After receiving briefs from the parties, the district court affirmed the revocation order on the merits. This appeal followed.

■ The Department now contends, for the first time, that the district court lacked jurisdiction to consider the merits of the revocation order because petitioner failed timely to seek judicial review. We agree.

Pursuant to § 42–2–126(10)(a), C.R.S.2002, an action for judicial review of a revocation order must be filed "[w]ithin thirty days" of the "issuance" of the Department's "final determination" in the revocation matter. Furthermore, the failure to file an action for judicial review within the applicable statutory time limit is a jurisdictional defect that mandates dismissal of the action. *See Houston v. Colo. Dep't of Revenue,* 699 P.2d 15 (Colo. App.1985).

Initially, we reject petitioner's argument that the Department waived any objection to timeliness by failing to raise it in the district court. The thirty-day period is jurisdictional. *See Houston v. Colo. Dep't of Revenue, supra.* Consequently, it cannot be waived. *See Fraser v. Colo. Bd. of Parole,* 931 P.2d 560 (Colo.App.1996)(holding that because thirty-day period for seeking review under C.R.C.P. 106(b) is jurisdictional, it could not be waived).

Here, the hearing officer issued the revocation order on November 1, 2000. However, petitioner did not file his petition in the district court until December 4, three days after the thirty-day period had expired. Thus, the district court was required to dismiss the petition.

■ Petitioner notes that he filed his "Petition for Reconsideration" with the Department within the thirty-day period. He argues that the thirty-day period was tolled while that "Petition for Reconsideration" was pending. We are not persuaded.

Neither § 42–2–126 nor any Department regulation authorizes the filing of a motion for reconsideration in express consent revocation proceedings. Moreover, under the express consent statute, the final agency action subject to judicial review is the hearing officer's issuance of the final order of revocation at the conclusion of the revocation hearing. *See* § 42–2–126(8)(f) & (9)(b)-(e), C.R.S.2002; *Foos v. State,* 888 P.2d 321 (Colo.App.1994)(concluding there is no legal basis or authority for "reopening" a driver's

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

license revocation proceeding). *But see* *Bethesda Found. v. Colo. Dep't of Soc. Servs.,* 877 P.2d 860 (Colo.1994)(noting that administrative law judge had authority to reconsider and modify findings and decision during the thirty-day period for filing action for judicial review).

Even if we assume that petitioner might be permitted to seek administrative reconsideration of the revocation order, filing such a motion did not toll the thirty-day period for seeking judicial review. The State Administrative Procedure Act, § 24–4–106(2), C.R.S. 2002, specifically provides as follows:

Final agency action under this or any other law shall be subject to judicial review as provided in this section, whether or not an application for reconsideration has been filed, unless the filing of an application for reconsideration is required by the statutory provisions governing the specific agency.

In *Cheney v. Colorado Mined Land Reclamation Board,* 826 P.2d 367 (Colo.App.1991), a division of this court addressed a similar scenario. In *Cheney,* the plaintiff filed a motion seeking reconsideration of a reclamation board order. The plaintiff then waited until the board denied his reconsideration motion before filing his complaint for judicial review in the district court. By that time, more than thirty days had elapsed since the board's original order.

In affirming the district court's dismissal of the judicial review action, the division in *Cheney* noted that the applicable statutes and regulations did not require the filing of a motion for reconsideration or extend the time for seeking judicial review upon such a filing. Based on § 24–4–106(2) and the absence of any statutory or regulatory provisions concerning motions for reconsideration, the division concluded that the board's initial order was the final decision subject to judicial review, notwithstanding the plaintiff's motion for reconsideration and the board's subsequent denial of that motion.

We find the analysis in *Cheney* persuasive and conclude that the same result is warranted here.

Petitioner's reliance on *Colorado Water Quality Control Commission v. Town of Frederick,* 641 P.2d 958 (Colo.1982), is misplaced. The statutory scheme at issue in that case expressly authorized the filing of motions for reconsideration and expressly provided that the final administrative order would be stayed pending the resolution of such motions. Here, no comparable statutory or regulatory provisions are present.

In sum, we conclude that because petitioner did not file his petition for review within thirty days of the Department's revocation order as required by § 42–2–126(10)(a), the district court lacked jurisdiction to review that order.

The judgment is vacated, and the case is remanded to the district court with directions to dismiss the petition for lack of jurisdiction.

Judge NEY and Judge MARQUEZ concur.