Anwar HUSSEIN, Petitioner–Appellant,

v.

REGENTS OF the UNIVERSITY OF COLORADO, UNIVERSITY OF COLO-RADO AT COLORADO SPRINGS, Re-spondent–Appellee,

and

Colorado State Personnel Board, Appellee.

No. 03CA2121.

Colorado Court of Appeals, Div. I.

May 19, 2005.

Certiorari Denied Nov. 28, 2005.

Walter S. Rouse, P.C., Walter S. Rouse, Colorado Springs, Colorado, for Petitioner–Appellant.

University of Colorado, Office of University Counsel, David P. Temple, Associate University Counsel, Rosemary Augustine, Associate University Counsel, Denver, Colorado, for Respondent–Appellee.

No Appearance for Appellee.

LOEB, J.

In this case for judicial review of agency action, complainant, Anwar Hussein, appeals two orders of the State Personnel Board denying his petition for a hearing in connection with his claim for unlawful termination by the University of Colorado at Colorado Springs. We dismiss the appeal for lack of appellate jurisdiction.

In April 2001, Hussein began working on probationary status in the accounting department of the university. In October 2001, the

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2004.

university terminated Hussein's employment because of "unsatisfactory performance."

Hussein filed an appeal with the Board, alleging his termination was unlawful because the university discriminated against him based on his national origin. Hussein, who is Syrian, claimed his supervisors retaliated against him after he filed two grievances against them and that one of his supervisors told him, "[T]he grievances were just like Osama hitting the two towers. All of you Arabs are nothing but a bunch of fucking terrorists." In his appeal to the Board, Hussein requested relief in the form of reinstatement with back pay.

Pursuant to § 24–50–125.3, C.R.S.2004, and Dep't of Personnel (DOP) Reg. No. 8–30, 4 Code Colo. Regs. 801, the Board referred the appeal to the Colorado Civil Rights Division (CCRD) for investigation. The CCRD issued a report finding "no probable cause" to support Hussein's discrimination allegations.

Hussein filed his appeal of the CCRD's no probable cause finding to the Board. The Board then issued a notice of preliminary review to determine whether to grant a hearing of the appeal. The notice required both Hussein and the university to file an information sheet containing facts, legal arguments, and a list of potential witnesses and exhibits. The notice stated, inter alia, that in this type of case, Hussein did not have a mandatory right to a hearing and that a preliminary review would be conducted by an administrative law judge (ALJ) to determine whether or not valid issues exist which merit a full evidentiary hearing.

After reviewing the information sheets filed by the parties, the ALJ issued a preliminary recommendation that Hussein's petition for hearing be denied.

On August 22, 2003, the Board issued an order adopting the ALJ's preliminary recommendation and denying the petition for hearing. The order advised Hussein that he could appeal the Board's decision to this court within forty-five days. On August 26, Hussein filed exceptions to the preliminary recommendation of the ALJ, which the Board denied by written order on September 19. That order also stated that Hussein had forty-five days to appeal to this court.

On November 3, 2003, Hussein filed his notice of appeal in this court, purporting to appeal from the Board's August 22 order adopting the ALJ's preliminary recommendation and the Board's September 19 order denying his exceptions to the preliminary recommendation.

This court ordered Hussein to show cause why the appeal should not be dismissed with prejudice for failure to file a timely notice of appeal. The court noted that more than forty-five days had passed between the Board's August 22 order and the filing of the notice of appeal. The court further noted that "it appears that appellant's August 26, 2003 'Exceptions to the Preliminary Recommendations of the Administrative Law Judge' did not operate to toll the deadline for filing a notice of appeal from the August 22, 2003 order. *See* § 24–4–106(2), C.R.S.2004." Resolution of the order to show cause was deferred to the division considering the case on the merits.

■ Thus, we must first consider whether Hussein's appeal should be dismissed for failure to file a timely notice of appeal. We conclude that the appeal should be dismissed.

■ In general, only a final agency action is subject to judicial review. An appeal of final agency action must be filed within forty-five days after the date of the final order entered by the agency. Section 24–4–106(11)(b), C.R.S.2004; C.A.R. 4(a); *Colo. Health Facilities Review Council v. Dist. Court*, 689 P.2d 617, 621 (Colo.1984). Final agency action occurs when the litigants exhaust their administrative remedies. *See* § 24–4–101, et seq., C.R.S.2004; *Colo. Health Facilities Review Council v. Dist. Court, supra.*

As relevant to this case, the Board's appeal process is as follows. If the CCRD enters a finding of no probable cause, the Board may either adopt the findings of the CCRD as its own or, upon a written petition by one of the parties, set the complaint for hearing. Section 24–50–125.3; DOP Reg. Nos. 8–37, 8–45.

Probationary employees, such as Hussein, who are appealing a termination based on

alleged unlawful discrimination, may receive a hearing by the Board. However, the Board's decision whether to grant such a hearing is discretionary. Section 24–50–125(5), C.R.S.2004; DOP Reg. No. 8–45.

If, as here, a complainant petitions the Board for a hearing, each party must file an information sheet, which includes a statement of the facts, legal arguments, and potential witnesses and exhibits. The complainant has the burden of demonstrating the existence of valid issues that merit a hearing by showing that there is an evidentiary and legal basis to support a finding that the termination was "arbitrary, capricious or contrary to rule or law." DOP Reg. No. 8–49. An ALJ or the Board's director issues a written preliminary recommendation to the Board. The Board then considers the preliminary recommendation and renders its decision to grant or deny a request for hearing. If the Board denies the request for hearing, the date of that order shall be used for purposes of any further appeal. DOP Reg. No. 8–50.

Hussein contends that, pursuant to § 24–4–105(14)(b)(III) and (14)(c), C.R.S.2004, to exhaust his administrative remedies, he was required to file exceptions to the ALJ's preliminary recommendation; that the Board's action in denying him a hearing did not become final for purposes of judicial review until the Board entered its September 19 order denying his exceptions; and that, accordingly, his November 3 notice of appeal to this court is timely. We disagree because we conclude that nothing in the statutory procedure for discrimination appeals pursuant to § 24–50–125.3 either requires or authorizes the filing of exceptions pursuant to § 24–4–105(14).

Section 24–4–106(2) provides in part: "Final agency action under this or any other law shall be subject to judicial review as provided in this section, whether or not an application for reconsideration has been filed, unless the filing of the application for reconsideration is required by the statutory provisions governing the specific agency."

Here, the Board entered its August 22 order denying the petition for hearing, pursuant to the Board's specific statutory procedures for discrimination appeals set forth in § 24–50–125.3. Nothing in that statute or any other statute governing the Board requires or even authorizes a party to file exceptions or any type of motion for reconsideration once the Board enters an order adopting a preliminary recommendation to deny a discretionary hearing. *See* § 24–50–101, et seq., C.R.S.2004; DOP Reg. No. 8–1, et seq.; *see also Martinez v. Colo. State Pers. Bd.*, 28 P.3d 978 (Colo.App.2001) (the court of appeals lacked jurisdiction where the complainant failed to file a notice of appeal within forty-five days of the Board's order and there was no statutory authorization for an extension of time); *Cheney v. Colo. Mined Land Reclamation Bd.*, 826 P.2d 367 (Colo. App.1991) (no tolling of time to seek judicial review where neither the Colorado Mined Land Reclamation Act nor the Department of Natural Resources regulations require the filing of a motion for reconsideration or extend the time for seeking judicial review of an order of the Mined Land Reclamation Board).

Despite the language in § 24–4–106(2), Hussein argues that, pursuant to § 24–4–105(14)(b)(III) and (14)(c), if he had not filed exceptions to the ALJ's preliminary recommendation, he would have failed to exhaust his administrative remedies before appealing to this court. We are not persuaded.

First, as discussed above, the plain language of § 24–50–125.3, the statute governing the Board's procedures in this case, neither requires nor authorizes parties to file exceptions to an ALJ's preliminary recommendation to deny a request for hearing. Indeed, § 24–50–125.4, C.R.S.2004, specifically provides that only when a hearing is held may a party file a motion with the Board to modify an ALJ's initial decision.

Moreover, the plain language of § 24–4–105(14)(b)(III) and (14)(c) applies only when a hearing has been held and requires parties to file exceptions with regard to an ALJ's initial decision or else waive their right to judicial review. Those subsections do not address the filing of exceptions to an ALJ's preliminary recommendation on whether to

hold a hearing pursuant to the specific statutory procedure in § 24–50–125.3.

Hussein's reliance on *North Washington Street Water & Sanitation District v. Emerson*, 626 P.2d 1152 (Colo.App.1980) is misplaced. In that case, a hearing officer of the Colorado Civil Rights Commission conducted a hearing on the discrimination claim and issued an initial decision. Further, the Commission's own rules provided that the exceptions procedure, as set forth in § 24–4–105(14), shall apply to initial decisions of the Commission's hearing officers. *N. Washington St. Water & Sanitation Dist. v. Emerson*, *supra*, 626 P.2d at 1153–54. Here, by contrast, there was no hearing, and the Board's rules do not provide for exceptions to a preliminary recommendation to deny a hearing request.

Thus, absent any statutory or regulatory authorization for filing exceptions to the ALJ's preliminary recommendation, we further conclude that Hussein's exceptions and the Board's September 19 order denying them were nullities and did not toll the time for Hussein to appeal the Board's August 22 order. *See Cheney v. Colo. Mined Land Reclamation Bd.*, *supra*, 826 P.2d at 368 (where the filing of a motion for reconsideration is not required by the agency's governing statute, the filing of such a motion does not extend the time in which to seek judicial review of the underlying order, notwithstanding the agency's order denying the motion); *see also Foos v. State*, 888 P.2d 321, 323 (Colo.App.1994) (absent statutory authorization for right to seek reopening of license revocation, assertion of such right was a nullity, and motorist was not required to exhaust administrative remedies by requesting reopening before seeking judicial review).

We thus conclude that the Board's August 22 order was the final agency action subject to judicial review, notwithstanding Hussein's filing of exceptions and the Board's September 22 order denying those exceptions. Consequently, the November 3 notice of appeal was not timely filed within the applicable forty-five-day period. We thus lack appellate jurisdiction and conclude that the appeal must be dismissed. *See Martinez v. Colo. State Pers. Bd.*, *supra*; *Cheney v. Colo. Mined Land Reclamation Bd.*, *supra*.

Accordingly, we need not consider Hussein's substantive arguments.

The appeal is dismissed with prejudice.

Judge MARQUEZ and Judge CARPARELLI concur.